*In the matter of the Petition of* C. Wood Davis, *for a Writ of Habeas Corpus.*

JUDICIAL AUTHORITY, *Abuse of; Habeas Corpus.* The taking of the deposition of a party in a pending case, merely to fish out in advance what his testimony will be, and to annoy and oppress him, and not for the purpose of using the same as evidence, is an abuse of judicial authority and process; and a party committed by a notary public for refusing to give his deposition in such a case, will be released on *habeas corpus.*

*Appeal from Sedgwick District Court.*

THIS was an application by *C. Wood Davis* for a writ of *habeas corpus*, before the judge of the district court of Sedgwick county. In his petition he stated that—

"Your petitioner, C. Wood Davis, is unlawfully imprisoned, detained, confined and restrained of his liberty by John Fisher, Esq., sheriff of Sedgwick county, Kansas, at Wichita, in the county of Sedgwick, state of Kansas; that said imprisonment, detention, confinement and restraint are illegal, in this, to wit, that the petitioner heretofore brought four suits against the St. Louis & San Francisco Railway Company, and the same are all at issue and pending in the United States circuit court within and for the district of Kansas, and are assigned for trial at the coming November term of said court; that in said causes so pending the defendant took the deposition of your petitioner at Pittsburg, Kansas, one week ago, to wit, October 31, 1885; that on November 4, 1885, at 4 o'clock P. M., the attorney of your petitioner received a telegram in Fort Scott, Kansas, of which a copy is hereto attached, marked 'Exhibit A,' and made a part hereof; that your petitioner received no other notice, nor did any of his attorneys receive any other notice, except that petitioner received a so-called subpena on November 4, 1885. A copy of said so-called subpena is hereto attached, marked 'Exhibit B,' and made a part hereof; that afterward, about 11 o'clock A. M. of said November 7, 1885, an attachment was issued by one A. T. Owen, directed to John Fisher, sheriff of said county; said Owen was a notary public, duly commissioned under and by virtue of the laws of the state of Kansas.

"Under said writ of attachment the said sheriff attached the petitioner and brought him into the presence of the said Owen. A copy of the said writ, with all indorsements, is hereto attached, marked 'Exhibit C' and made a part hereof. At this point of time the petitioner served upon the defendant's attorney a notice, of which 'Exhibit A' hereto attached and made a part hereof is a true copy. Since which time said defendant has served notice upon your petitioner that it will take your petitioner's deposition at Springfield, Mo., on November 11, 1885, together with that of other witnesses. Thereupon the defendant caused to be served upon your petitioner a so-called subpena in the presence of the notary, the same being signed and sealed by said notary. Said subpena is

hereto attached, marked 'E,' and made a part hereof. Thereupon said notary, at the request of the attorney of said defendant, ordered the petitioner to stand up and be sworn, and your petitioner refused. Your petitioner objected to the jurisdiction of said notary. Thereupon said notary issued a writ of commitment to the sheriff of said county, directing him to commit your petitioner to the common jail of said county, and to keep him there confined. A copy of said writ is hereto attached, marked 'Exhibit F,' and made a part hereof. Under said writ the said sheriff of Sedgwick county, Kansas, then took possession of the body of your petitioner and has him now in custody.

"Your petitioner says that such custody and confinement are unlawful by the sheriff of said county, and is furthered against your petitioner oppressively by said defendant, not for the purpose of obtaining a deposition that said defendant intends to offer in evidence on its own behalf, but for the purpose of fishing out the plaintiff's evidence.

"Wherefore, your petitioner prays that a writ of *habeas corpus* may be granted, directed to the said John Fisher, Esq., commanding him to have the body of your petitioner before your honor at a time and place therein to be specified, to do and receive what shall then and there be considered by your honor concerning him, together with the time and cause of his detention and said writ, and that he may be restored to his liberty."

A writ having been duly issued, John Fisher, the sheriff of Sedgwick county, appeared in court with the body of Davis; and thereupon the following proceedings ensued, as shown by the bill of exceptions:

"W. H. Phelps, attorney, appeared for said John Fisher and for the St. Louis & San Francisco Railway Company, and E. F. Ware appeared as attorney for and on behalf of said C. Wood Davis. Thereupon the parties appeared and announced themselves ready for trial. It was admitted in open court, on behalf of said Fisher and said railway company, that the allegations set up in the petition are true. It was admitted by said E. F. Ware, for and on behalf of said Davis, that said Davis and Ware came to Wichita, Kansas, intending to contest the right of said railway company to take said Davis's deposition, but ready and willing to appear and proceed with the taking of J. R. Wentworth's deposition; and it is further admitted that said Davis lived and resided more

than one hundred miles from Topeka, Kansas, the place where said cases in the United States court were triable.   The foregoing was all the evidence adduced in the trial."

On November 7, 1885, the court refused to discharge the petitioner, and dismissed his petition.   *Davis* excepted, and brings the case here for review.

*Ware, Biddle & Cory*, for petitioners :

The petitioner claims that the petition in error should be sustained in accordance with *Ex parte Fisk*, 113 U. S. 713. We concede that one party has a right to take the testimony of another party, when a deposition is needed for use, or as a precaution against death or absence; but one party has no right to fish the other party.   The case of *In re Abeles*, 12 Kas. 451, does not conflict with this view; that was a case of business, this was a case of amusement — a fishing excursion.

The proposition we seek to maintain is: The right of judicial piscary does not exist in Kansas.

*John O'Day*, and *E. A. Kenna*, contra:

Counsel for petitioner rest this case solely upon *Ex parte Fisk*, 113 U. S. 713.   We are willing to do likewise.

The record discloses that the case in which the deposition of Davis was sought to be taken was pending in the United States circuit court at Topeka, Kansas, *a distance of more than one hundred miles from the place where Davis at the time lived and resided;* and that the witness did not reside in the county where the case was pending.   By Rev. Stat. U. S., § 914, it is provided that "the practice, pleadings and modes of proceeding in civil causes other than equity and admiralty causes in the circuit and district court, shall conform as near as may be to the practice, pleadings and forms and modes of proceeding existing at the time in like causes in the courts of record of the state within which such circuit or district courts are held," etc. By Comp. Laws of Kansas (1885), § 346, ch. 80, it is provided that "The deposition of *any* witness may be used, . . when the witness does not reside in the county where the ac-

tion or proceeding is pending." By Rev. Stat. U. S., § 858, it is also provided "That no witness shall be excluded in any action . . . *because he is a party.*" Now all that was decided in *Ex parte Fisk*, supra, is this: "There can be no doubt that if the proceeding here [in New York] authorized is in conflict with any law of the United States, it is of no force in the courts of the United States." And it was held that the United States had legislated upon the subject, (Rev. Stat. U. S., §§ 861, 863, 866, 867, 868, 869, and 870,) and prescribed a definite rule which conflicted with the prevailing one in the practice of the courts of New York. But it was also held in that case that such "definite rule" so prescribed, authorized the taking of a deposition under the circumstances of this case, to wit, where the witness resided more than a hundred miles from the court.

"We come now to inquire if the testimony sought to be obtained from petitioner by this mode comes within the exception referred to in § 861. . . . In the first of these, the circumstances which authorize depositions to be taken in advance for use on the trial are mentioned with great particularity. They all have relation to conditions of the witness; *to residence more than a hundred miles from the court. . . None of these things are suggested in regard to petitioner.*" (*Ex parte Fisk*, 113 U. S. 723.)

From the foregoing it is clearly shown that there the case was expressly made to rest upon the non-existence of a fact here admitted to exist; and a careful examination of the opinion discloses that had it been shown that Fisk lived more than one hundred miles from the court, the writ would have been denied.

The opinion of the court was delivered by

JOHNSTON, J.: The notary public held the petitioner to be in contempt for refusing to give his deposition in a case pending in the circuit court of the United States for the district of Kansas, wherein the petitioner was plaintiff and the St. Louis & San Francisco Railway Company was defendant, and for this refusal committed him to the custody of the sheriff,

to be imprisoned in the common jail of Sedgwick county. By this proceeding the petitioner seeks to be relieved from imprisonment, which he contends is illegal on account of the insufficiency of the notice to take depositions, defects in the subpena and commitment served upon him, and also a lack of authority in the notary public to compel one who is a party to an action in the federal court to give his deposition; and finally, that the attempt to take the petitioner's deposition was not made in good faith or with any intention of using the deposition when taken as evidence, but the only object being to oppress and injure the petitioner.

The last ground of illegality alleged is all that we need to examine, and it is clearly sufficient to accomplish the discharge of the petitioner.    There is an express admission by the railway company that it was not acting in good faith in the matter, and did not intend to offer in evidence the deposition proposed to be taken, but that it was acting oppressively and for the purpose of fishing out the plaintiff's evidence. This being conceded, the attempt to compel him to testify, and his imprisonment for refusing, is a clear abuse of judicial authority and process.    The law permits depositions in a pending case to be taken upon certain conditions; but it proceeds upon the theory that the testimony when taken will be competent, and is intended in good faith to be read in evidence in the trial of the cause.    Remoteness from the place of trial, which may make the personal attendance of the witness impracticable, and age and infirmity rendering the witness unable to travel and appear at court, are some of the conditions under which a party is permitted to take a deposition *de bene esse.* The right of taking the deposition of the petitioner is placed on the condition that he resides more than one hundred miles from the place of trial; and the claim is, that he is not excluded from so testifying by the fact that he was a plaintiff in the action.    But assuming that a party may be compelled to give his deposition in a common-law action in the federal court, it certainly never can be taken unless there is a *bona fide* purpose to use the testimony if the statutory contingency on

which it is permitted to be taken exists when the trial occurs. The privilege of taking depositions should not and cannot be employed to fish from a witness facts that are irrelevant or incompetent to the issues in the case to be tried. Nor can any quality of testimony be thus taken out of curiosity or spite, or to annoy or injure the witness, or to be used for any other purpose than as evidence in the pending cause. Ordinarily, the good faith of the proceedings would be presumed; but here the conduct and concessions of the parties disclose a purpose to use the machinery of the law to accomplish an improper purpose, and to annoy and injure the petitioner. His deposition was taken in the same case and at the instance of the same party at Pittsburg, Kansas, on October 31, 1885. Four days later he was notified that the railway company would take his deposition at Wichita, Kansas, on November 7, 1885; and while he was at Wichita, the company there notified him that it would take the depositions of himself and other witnesses at Springfield, Missouri, on November 11, 1885. Coupled with this conduct is the admitted fact that the information which the company obtained and was endeavoring to abstract from the witness, was not intended to be used as evidence at all. It is an abuse of the process and authority of the law which cannot be tolerated; and upon this ground alone the imprisonment must be held illegal.

The judgment of the district court will be reversed, and the cause remanded with the direction that the petitioner be discharged.

All the Justices concurring.