| 39 | 291 |
| 58 | 159 |

*In the Matter of the Petition of* SAMUEL D. CUBBERLY *for a Writ of Habeas Corpus.*

DEPOSITION — *Abuse of Process* — *Witness* — *Contempt* — *Habeas Corpus.* The taking of the deposition of a party in a pending case, merely to ascertain in advance what his testimony will be, and not for the purpose of using the same as evidence, is an abuse of judicial authority and process; and a party committed for refusing to give his deposition in such a case, will be released on *habeas corpus.*

*Original Proceedings in Habeas Corpus.*

PETITION for a writ of *habeas corpus,* filed in this court on March 10, 1888, by *Samuel D. Cubberly,* who alleged that he was unlawfully restrained of his liberty by Alexander Love, the sheriff of Douglas county, under a commitment issued by one Joseph E. Riggs, a notary public of said county. The opinion herein was filed on May 4, 1888.

*Peter Bell, George J. Barker,* and *John Hutchings,* for petitioner.

*Riggs & Nevison,* for respondent.

*Per Curiam:* This court decided, in *In re Davis,* 38 Kas. 408, that —

"The taking of the deposition of a party in a pending case merely to fish out in advance what his testimony will be, and to annoy and oppress him, and not for the purpose of using the same as evidence, is an abuse of judicial authority and process; and a party committed by a notary public for refusing to give his deposition in such a case will be released on *habeas corpus.*"

In that case there was an express admission by the railway company that it was not acting in good faith in taking the deposition of C. Wood Davis, and did not intend to offer in evidence his deposition, but was acting oppressively, and for the purpose of fishing out evidence. In this case no such admission is made, but it appears that the petitioner is a *bona fide* resident of the county where the cause is pending for trial; and it is not shown that he is sick, infirm, or otherwise in a condition likely to prevent him from attending the trial. The petitioner declares on oath that he intends and expects to attend the trial. If he so attends, his deposition cannot be used. Counsel proposing to take his deposition insist that they are acting in good faith, and desire to take his deposition to be used upon the trial, if he be absent at the time. There is no showing that the petitioner is going away, or that there is any probability of his being absent at the trial. Counsel qualify the statement about the use of the deposition by adding: "If the petitioner tells the truth." They also say that they need his deposition so as to be informed as to what other depositions it is necessary to take. Taking all the evidence together, it does not seem to us that the deposition of the petitioner is to be taken to be read in evidence upon the trial. It seems that the real purpose of taking the deposition is merely to fish out in advance what the testimony will be.

Although the facts in this case differ from those appearing in *In re Davis*, supra, sufficient is shown to bring the case within the principle therein decided. The petitioner will be discharged.