*In the matter of the Petition of* RICHARD L. MERKLE *for a writ of Habeas Corpus.*

DEPOSITION — *Witness — Refusal to Answer — Committed, When.* A party to an action can compel a witness to give his deposition in the case prior to the trial, even though such witness resides in the county in which the action is brought; and where a witness duly subpenaed to testify in a cause before a notary public, in giving his deposition refuses to answer certain questions propounded to him, for no other reason than that he is instructed by counsel not to do so, after having been instructed by the notary to answer them, he may be committed by the notary for contempt for such refusal. (*In re Abeles*, 12 Kas. 451, cited, and followed.)

### Original Proceedings in Habeas Corpus.

PETITION, filed in this court on August 9, 1888; the opinion, filed at the session of the court in October, states the material facts.

*Houston & Bentley,* for petitioner.
*Moore & Douglas,* contra.

Opinion by SIMPSON, C.: This is an original application in this court by the petitioner, Richard L. Merkle, for a writ of *habeas corpus,* and to be discharged from the custody of the sheriff of Sedgwick county. A notary public before whom the deposition of Merkle was being taken on behalf of the plaintiffs in an action then and now pending in the Sedgwick district court, wherein Charles Sullivan *et al.* are plaintiffs and the Steinhauser Merkle Supply Company is a defendant, had committed him to the jail of the county for refusing to answer certain questions propounded to him as such witness by the attorneys of the plaintiffs in that action. It is alleged on behalf of the petitioner that the deposition was not being taken in good faith, and would not be used on the trial; that the plaintiffs were on a fishing expedition; that the question was an immaterial one, and was not and never would become material under the issues and pleadings; that the petitioner

is a *bona fide* resident of Sedgwick county, and that he did not intend or expect to change his place of residence before the final termination of the cause, and would be present and testify at the trial thereof; and that the order of commitment is void and without jurisdiction. It appeared on the hearing that the witness had been the secretary of the Steinhauser Merkle Supply Company before its failure, and was still in charge of the remaining goods of the company, selling them and closing out the stock on behalf of his father, who claims to have a chattel mortgage thereon; that Sullivan and others had commenced their action against the supply company on the 18th day of July, 1888, on a promissory note executed by the supply company, and had caused an attachment to be issued and levied on the property of the company. The causes stated for the attachment in the affidavit of the plaintiffs are, among others, that the Steinhauser Merkle Supply Company is a foreign corporation; that it is about to remove its property, or a part thereof, out of the jurisdiction of the court with the intent to defraud its creditors, and is about to assign, remove, and dispose of its property, or a part thereof, with the intent to defraud, delay, and hinder its creditors, and had assigned, removed and disposed of its property with a like intent. In the course of the examination of the petitioner as a witness, he disclosed the fact that on the 2d. day of May, 1888, the Steinhauser Merkle Supply Company had executed a chattel mortgage on its stock of merchandise to his father, who some time prior thereto had been the principal stockholder of the company. He was then asked, "What was that chattel mortgage given for?" This question, by the advice of counsel, he declined to answer. It was repeated, and he again declined to answer it. The notary then instructed him to answer the question, and he again declined, when he was committed by the notary for contempt in refusing to answer. The deposition was being taken on the 27th day of July, 1888. The petitioner is not a party to the action, but is connected with the subject-matter of the litigation so far as we know, or so far as the record discloses, in the sole capacity

of a witness.  We suppose that it must be conceded that the
plaintiffs Sullivan and others had the legal right to commence
to take their evidence and make their case as soon after ser-
vice on the defendant as they might desire to begin. (Code,
§ 347; *In re Abeles*, 12 Kas. 451.)  It sufficiently appears to
us that the plaintiffs were but exercising ordinary caution in
this proceeding to take the deposition of Merkle.  He was a
young unmarried man; had come to Wichita as an employé
of the supply company, and was uncertain in his statements
as to whether he would remain there or not after he had sold
out the mortgaged property of the company.  He had per-
sonal knowledge of the execution of the chattel mortgage, as
he had been secretary of the company.  It may be set down
as an absolute certainty, that the attaching creditors would
have to contest with the chattel mortgagee for the possession
of the attached property.  One of the causes assigned for the
attachment was the fraudulent disposition of the property.
Counsel for the plaintiffs in the attachment proceedings were
following well-beaten paths in their examination of the secre-
tary of the company, and the son of the mortgagee.  Even
if they were fishing — for it is permissible in a case of this kind
—they must exercise as much cunning and circumspection as if
whipping the trout streams, while trying to establish their
alleged commercial frauds.  We think this case presents a
justifiable fishing expedition.  Whether the question is ma-
terial or not, or ever to become so, depends upon several con-
tingencies that are not within the control of those seeking to
take the deposition.

If the defendant does not answer, or does not move to dis-
solve the attachment, or the chattel mortgagee does not inter-
plead and claim the property, why that chattel mortgage was
executed may never become material; but the counsel would
hardly be expected to say to the plaintiffs, "Fold your hands
and await quietly until all these things are determined before
you commence to make your case."  There is not a particle
of evidence tending to show but that the plaintiffs are in per-
fect good faith in attempting to establish the facts outlined in

their examination of this witness. The witness himself makes no claim that the answer to the question propounded would tend to criminate him, and until he does that the court is not called upon to display any uneasiness on that subject. The case is very like *In re Abeles,* and very unlike *In re Wood Davis,* 38 Kas. 408.

There is a great distinction to be noticed in cases where the depositions of parties and those of witnesses are to be taken. Parties have but recently been made competent witnesses; their interest in the litigation is generally a safe assurance that they will be present at the trial, and the courts would be more particular in considering all such questions concerning them than they would be of witnesses. Of course, when it is perfectly apparent that the rights of witnesses are being trifled with, and the process of the court abused, they are entitled to the full measure of protection. But as a rule a party has a right to take the deposition of witnesses so as to provide against all contingencies as a mere matter of precaution; but before a party shall be subjected to such process, there must be some reasonable ground upon which to predicate a belief that there is an actual necessity for it. There is no tenable ground upon which the witness can fairly claim to be discharged from custody.

It is recommended that he be remanded to the custody of the sheriff of Sedgwick county.

By the Court: It is so ordered.

All the Justices concurring.