King, J.
This application is made to a judge of the circuit court, *518 to release Minnie C. Humphrey from custody of imprisonment upon an order of a notary public, committing her to jail for refusal to answer certain questions. Minnie Humphrey was one of the parties defendant in the case of Nelson, Morris & Co. v. William H. Schurtz et al., which was at the time of the taking of this deposition, and is now, pending in the court of common pleas of this county, and awaiting trial. Notice was served upon the defendants’ attorneys that the deposition of Minnie C. Humphrey, a defendant, would be taken before James H. Emery, a notary public in this county, at the office of the attorneys; and on the day in question, J;be parties appeared, the witness was sworn, and the examination proceeded until she refused to answer questions that were propounded to her by the plaintiffs’ attorney. Her attorney in the action presented to the notary public an affidavit, which was received by him; and Miss Humphrey, in answer to one of the questions, stated that she declined to answer for the reasons stated in her affidavit thus presented. The transcript of the proceedings before the notary does not show that the notary ordered her to answer, but does show that he advised her to answer. The mittimus, directed to the sheriff of Lucas county, however, does state that the notary ordered the said Minnie C. Humphrey to answer the questions. I think the mittimus is in all respects sufficient to hold this person m charge of the sheriff, so far as its form is concerned.
The next objection to this detention is, that one party to a legal proceeding of this kind has no right to take the deposition of an opposite party, when that party is a resident of the county, in good health, and it appearing that the party intends to be present at the trial of the case and testify if called upon so to do; and the affidavit presented before the notary states all these things, that she is not absent from the county, does not expect to be when the *519 case is reached for trial; also that the plaintiff's are not attempting to take her deposition in good faith and with the intention or belief of ever using the sams on the trial of said cause, but are attempting to compel her to testify in advance of the actual trial of said action,- and to fish out in advance what her testimony will be, and to annoy and oppress her, etc., and the question is raised here, whether, under these circumstances, a party ought to be imprisoned for refusing to answer questions?
There has been some conflict in the decisions of the courts when this question has been presented. The courts of common pleas of this state have in several cases considered the question, and their decisions have been reported. In the 22 Bulletin, 250, is a decision of the judge of the court of common pleas of Greene county, holding that “a party, though a resident of the county and not intending to depart therefrom, nor unable to attend court by reason of sickness or infirmity,and who expects and intends to be present at the trial, may be compelled by the adverse party to give her deposition, and, in case of refusal, may be imprisoned for contempt. ” That case was decided in 1889. In November, 1894, the judge of the court of common pleas of Stark county, under substantially the same facts — and under exactly the same facts as appear in this case by the affidavit — -held that a party could not be imprisoned for contempt for refusing to answer questions. There are other decisions by the common pleas judges -of Ohio. These two are the most directly in conflict. In the 15 Bulletin, 167, a judge of the court of common pleas of Knox county held, under facts similar to these, that a witness not a party could not be imprisoned for contempt for refusing to answer questions.
The decisions of the supreme court of Kansas are cited, *520 and these hold, without conflict, that a party cannot be imprisoned for refusing to answer questions under such circumstances. I notice that the judge of the court of common pleas of Greene county intimates that there is a conflict in the decisions from Kansas, but he does not cite a case which appears in 40 Kansas Kep. 30, and the conflict which he mentions is the conflict between the case reported in 12 Kansas,and the decisions reported in 38 Kansas, 408, and 39 Kansas, 291; there is no conflict between those decisions; the case in 12 Kansas being a case of an ordinary witness, and those in 38 and 39 Kansas being cases of a party, while the case in 40 Kansas is that of an ordinary witness — holding that they must answer, and could be committed for contempt, and the court in delivering the opinion — on page 30 — distinguishes clearly between the rights of the parties and the rights of an ordinary witness, and draws distinctions which we think are founded on justice.
The statute in Ohio, under which is claimed the right to examine a party, is sec, 5243. At the time when the Greene county case was decided, that statute read as follows: “A party may compel the adverse party to testify orally, or by deposition, as any other witness may be thus compelled.” But in 1894, the statute was very materially changed, and it reads: “A party may be examined as if under cross-examination, at the instance of the adverse party, either orally or by deposition, as any other witness; but the party calling for such examination shall not be concluded thereby, but may rebut it by counter-testimony.” It does not say: “Compelled to testify” generally, but “as if under cross-examination.” So that a party is entitled to cross-examine an adverse party, either orally or by deposition, and we take it that he may cross-examine under such circumstances and in such a case as would authorize him to take the testimony of a witness that he deemed and believed in good faith *521 would give testimony favorable to his cause. Whether he would be entitled under any and all circumstances to take the deposition, anticipating that contingencies might arise which would prevent the witness from being present, it is not necessary to decide upon this application. This application shows upon its face that the object and purpose of taking this testimony is. not to secure testimony to use in behalf of the party upon the trial, but to cross-examine the adverse party in order that the plaintiff here may get information which will enable him, perhaps, to prepare his case for trial and present it upon the trial, and with no idea of using the testimony itself, unless it, or some part of it, shall be found favorable to his notions of what the truth is.
Hamilton & Kirby, for Relator.
Bernard F. Brough and Ralph Emery, for Defendant.
That appearing, it occurs to us, in the interest of good practice, in the interest of fair dealing between the parties, and in the interest of justice, that neither party should have the right to cross-examine the other, and commit him to prison if he fails to answer, when the object and purpose is simply to get out what the other party may be intending to testify to when called as a witness in his or her own behalf. We do not think that the purpose of this statute authorizing a cross-examination and permitting a contradiction, goes any furthér than to give the privilege to a party to examine his adversary on the trial, if he be a witness and present, or if there be circumstances which will prevent him from being present,in good faith to take his deposition. The good faith which will authorize him to take his deposition, appears from the positive allegations of this affidavit and application, to be wanting. It was not contradicted before the notary; it is not contradicted here, but conceded; and therefore, under such a state of facts as is here presented, we are of the opinion that the relator should be discharged from custody, and that will be the order of the judge.