MAGGIE A. HANKE, *Appellant,* v. SKIP D. HARLOW
*et al., Appellees.*

No. 16,804.

SYLLABUS BY THE COURT.

DEPOSITION OF A PARTY—*Restraining Order—Judicial Discretion.* Under the circumstances stated in the opinion it is held that the district court did not abuse its discretion in restraining the plaintiff from taking the depositions of the defendants before the trial, and that, aside from the justifiableness of the order, the plaintiff suffered no injury to her substantial rights in consequence of it.

Appeal from Wyandotte district court. Opinion filed January 7, 1911. Affirmed.

*James M. Mason, E. E. Chesney,* and *Frans E. Lindquist,* for the appellant.

*John A. Hale, Henry E. Dean,* and *Richard J. Higgins,* for the appellees.

The opinion of the court was delivered by

BURCH, J.: The appeal is taken from an order restraining the appellant from taking the depositions of J. H. Peterson and Inez Peterson, who were parties to the suit and who resided in a county adjoining the one in which the action was pending. There was evidence that the Petersons intended to be present at the trial, that there was nothing in their situation or circumstances to prevent them from attending the trial, and that the appellant had no reason to apprehend that they would not be there to testify. There was further evidence that the appellant was not proceeding in good faith, that she was merely "fishing," and that her purpose was to harass and oppress her adversaries. Under these circumstances the court did not abuse its discretion in issuing the order. The case of *In re Abeles,* 12 Kan. 451, upon which the appellant relies,

does not apply. The distinction between the right to the deposition of a party and of a witness not a party is pointed out in the case of *In re Merkle, Petitioner,* 40 Kan. 27, 30, and the court properly applied the principle recognized in the cases of *In re Cubberly, Petitioner,* 39 Kan. 291, and *In re Davis, Petitioner,* 38 Kan. 408. Besides this, the court in which the action is pending always has the power to protect a party whom it restrains in this manner from any injurious consequences of the order, should any result.

Since the appeal was taken the case has been tried. At the time of the trial the Petersons were both living within the jurisdiction of the court, and were accessible as witnesses. Consequently their depositions could not have been read. (Code 1909, §§ 337, 358.) J. H. Peterson was a witness at the trial, testified fully, and was examined by the appellant. Any purpose which the appellant might have entertained to use the testimony of Inez Peterson was abandoned and she was not called. Therefore, aside from the fact that the restraining order was originally justifiable, the appellant has not been prejudiced.

The appellant says she has moved for a new trial and hopes to obtain one. Should she succeed, her substantial rights have not been infringed.

The judgment of the district court is affirmed.