No. 30,609.

A. W. LONG, *Appellant*, v. THE PRAIRIE OIL AND GAS COMPANY, L. R. CRAWFORD, P. C. SPENCER, W. Z. BROWN and W. D. WOMER, *Appellees*.

(10 P. 2d 894.)

Opinion filed May 7, 1932.

*W. T. Roche, C. Vincent Jones,* both of Clay Center, *Ira C. Snyder,* of Manhattan, *William Ritchie, Jr., A. C. Swenson* and *Hawthorne Arey,* all of Omaha, Neb., for the appellant.

*Hal E. Harlan, A. M. Johnston, R. P. Evans* and *George Clammer,* all of Manhattan, for the appellees.

The opinion of the court was delivered by

HUTCHISON, J.: This is an action for damages against the Prairie Oil and Gas Company and five individuals, commenced in

the district court of Riley county by A. W. Long, the organizer, manager and heaviest stockholder of the Long Oil Company. This appeal is by the plaintiff from two adverse rulings of the trial court shortly after the filing of the petition and before the issues were joined. The first ruling was the granting of an injunction restraining and enjoining the plaintiff from taking the depositions of the defendants, and the second was the sustaining of a motion to strike out certain portions of the plaintiff's petition relating to fiduciary relationship and conspiracy.

The defendant Womer resides in Riley county; all the other defendants, including the officers of the defendant company, whose depositions were sought to be taken, reside in Montgomery county, Kansas, and the defendant company is a Kansas corporation with its principal office in Montgomery county.

The petition was filed August 22, 1931, and notices were served to take depositions of defendants except Womer and also officers of defendant company in Montgomery county on the 9th of September following and of Womer in Riley county on September 14. The defendants made application to the district court of Riley county for an order restraining and enjoining plaintiff from taking their testimony by way of deposition, alleging that plaintiff was not proceeding in good faith, that the attempt was a fishing expedition and for the purpose of harassing and oppressing the defendants, that they each and all intended to be present in court at the time of the trial, and that they knew of no reason that would prevent them from being personally present and producing at the trial all of the records and other documents bearing upon the matters and things set out in plaintiff's petition. Evidence in support of the application was introduced in the form of affidavits and oral testimony, and the court, after overruling the demurrer of the plaintiff to the sufficiency thereof, received in evidence the affidavits offered by plaintiff and made eleven findings of fact, concluding with the following:

"The court further finds from the testimony introduced herein that there is no reasonable ground upon which to predicate a belief at the present time that there is an actual necessity existing for the taking of said depositions."

From the judgment rendered in favor of the defendants the plaintiff appeals, urging in the first place that the statutes of the state (R. S. 60-2803, 60-2821 and 60-2822) accord to a litigant the right to take the deposition of the opposing parties and that there are no statutory restrictions or limitations on that right and privilege, and cite the early decision of *In re Abeles,* 12 Kan. 451, which fully sus-

tains that contention. Appellant also cites the cases of *In re Davis, Petitioner,* 38 Kan. 408, 16 Pac. 790, *In re Cubberly, Petitioner,* 39 Kan. 291, 18 Pac. 173, and *Hanke v. Harlow,* 83 Kan. 738, 112 Pac. 616, and points out the distinctions between the facts and circumstances in them and in the case at bar. These three cases restrict the right and privilege when the taking of the deposition does not seem to be in good faith and for the purpose of using the testimony at the trial. All of these cases condemn the practice of fishing expeditions, or attempts to learn in advance the testimony of the opposing party. These cases presented features not involved in the Abeles case, which caused the court to conclude that the taking of depositions under such circumstances was an abuse of judicial authority and process, and in the Hanke case it is specifically stated that the holding in the Abeles case does not apply.

In the case of *In re Merkle, Petitioner,* 40 Kan. 27, 19 Pac. 401, cited by both parties, the earlier cases are all reviewed and distinctions are clearly made, with this conclusion:

"But as a rule a party has a right to take the deposition of witnesses so as to provide against all contingencies as a mere matter of precaution; but before a party shall be subjected to such process, there must be some reasonable ground upon which to predicate a belief that there is an actual necessity for it." (p. 30.)

This construction, with the approval of it in the Hanke case, is the last word on this proposition in this state, and the finding of the trial court in the instant case is exactly within its requirements, that there must be reasonable grounds to believe an actual necessity exists for taking the deposition. The statute (R. S. 60-2819) enumerates some of those reasonable grounds as advanced age, infirmity, etc., and the court in its wide discretion will recognize other grounds, and further, as was well said in the Hanke case, the court always has the power to protect a party whom it restrains in this manner from any injurious consequences.

It is urged that there was no finding that the plaintiff was not proceeding in good faith, as was alleged in the application and emphasized in most of the opinions cited. While there is no such specific finding, it is effectually contained in the finding that there was no reasonable ground for believing there was any actual necessity for doing what the plaintiff was proposing to do.

We think there was evidence sufficient to justify the overruling of the demurrer to the defendants' evidence and to sustain the findings.

Appellant's brief ably discusses the matter of taking the depositions of those not parties to the case, but we understand the order of the court only extended to parties and officers of the defendant corporations.

Error is assigned in striking out of the petition paragraph five, alleging fiduciary relationship between the plaintiff and the defendant Womer, and also in striking out two sentences in paragraph six, alleging conspiracy between the defendants and other oil and gas companies and individuals without naming them. The grounds of the motion for striking out the former are that the allegations are redundant, prejudicial and not sufficient to establish a fiduciary relationship, and for the two sentences on conspiracy with others not named are because they are redundant, surplusage and not germane to any part of the cause of action. There are pages of other allegations as to things done and said by defendant Womer and by the plaintiff, and fiduciary relationship is a matter to be established by proof of existing facts. It is said in appellant's brief that the trial court took the position that the allegations of this paragraph were not sufficient to create a fiduciary relationship. In this we think the court was correct. As to the conspiracy feature, no defendant should ever be required to meet allegations as to defendants being in a conspiracy with other oil and gas companies and individuals not named or described. If they can later be named a request for leave to amend might be proper, but as now stated the motion was properly sustained.

The judgment is affirmed.

JOHNSTON, C. J., not sitting.