No. 34,493

MARY ROSS, *Appellee*, v. THE KANSAS CITY PUBLIC SERVICE COMPANY, *Appellant*.

(98 P. 2d 153)

Opinion filed January 27, 1940.

*Fred Robertson, Edward M. Boddington, J. O. Emerson,* all of Kansas City, and *Charles L. Carr,* of Kansas City, Mo., for the appellant.

*Charles S. Schnider,* of Kansas City, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This was an action for damages for personal injuries filed in Wyandotte county, April 11, 1939. Defendant's motion to require the petition to be made definite was sustained in part and overruled in part. Defendant filed an answer containing a general denial and a general plea of contributory negligence. Plaintiff's motion that defendant be required to state the facts upon which it relied in its plea of contributory negligence was sustained. Defendant then served notice to take plaintiff's deposition. Plaintiff moved the court to enjoin the defendant from doing so. This motion was sustained. Defendant has appealed (1) from the order enjoining

the taking of plaintiff's deposition, (2) from the order sustaining plaintiff's motion directed at its answer, and (3) from the order overruling in part its motion directed at the petition.

Defendant is a common carrier of passengers at Kansas City, using gasoline-propelled motorbuses. Plaintiff alleged that "on or about" March 25, 1939, "at about" 8:30 o'clock p. m., plaintiff boarded one of defendant's northbound buses "at or near" Forty-second and Rainbow boulevard. The number or better description of such bus plaintiff did not know and could not state; that she paid her fare and became a passenger and seated herself on the seat behind the driver of the bus; that on reaching her destination she pushed the signal button and rose from her seat preparatory to alighting and walked forward toward the front exit; that the driver of the bus, whose name, number or better description she did not know, suddenly and without warning slackened the speed of the bus and turned to the left, causing plaintiff to be thrown forward against the seat occupied by the bus driver and down on her knees with great force, causing personal injuries, which are detailed; and several acts of negligence on defendant's part were charged. Defendant's motion to make more definite averred that its employees, and particularly the drivers of its buses, under its rules, are required to make reports of any accident known to them; that no such report had been made; that no complaint had been made by plaintiff to any of its officers or employees prior to filing the action, and asked that plaintiff be required to set out a more definite description of the bus and the time she boarded it, and a more definite description of the driver; also, that charges of negligence on the part of defendant be made more definite in several particulars, and that plaintiff be required to elect as between some of them because of their inconsistency. Upon the court's sustaining the motion in part plaintiff filed an amended petition omitting one of the grounds of negligence charged in the original petition. The answer contained two paragraphs, the first being a general denial, and the second reads:

"If the plaintiff was injured at the time and place and in the manner alleged in her amended petition her own negligence directly contributed to her alleged injuries as a direct and proximate cause thereof."

Plaintiff moved that this paragraph be made more definite by stating how and in what manner plaintiff's own negligence directly contributed to her injuries. This motion was sustained May 18, 1939, and defendant was ordered to amend its answer within twenty days.

Defendant then served notice to take plaintiff's deposition. On June 1 plaintiff applied for an order restraining defendant from taking plaintiff's deposition for the reason there was no actual necessity therefor; that defendant was not proceeding in good faith to preserve testimony, but attempting to learn in advance the testimony of plaintiff; that it was a "fishing expedition" and was done for the purpose of harassing and oppressing the plaintiff. In support of that application plaintiff filed her affidavit that she intended to be present in court at the trial; that she knew of no reason that would prevent her from being personally present and testifying; that she is a young woman and not infirm to the extent of its being probable that she might not be available at the trial, and that she believed defendant was not proceeding in good faith to take her deposition to be used upon the trial. Counsel for defendant, and on its behalf, filed an affidavit that under its rules all employees are required immediately to make a written report of any accident, or supposed accident or injury, occurring on or near their buses; that no report had been made of the accident claimed to have been sustained by plaintiff either by any of its employees or the plaintiff, or anyone acting for her; that defendant and its counsel who handles its matters of this character knew nothing of the claimed accident until this action was filed; that in its answer it had filed a general plea of contributory negligence, which the court had ordered it to make more definite within the stated time; that it desired to obtain sufficient information to enable it to comply with the order of the court; that defendant and its officers knew of no means of obtaining such information except from plaintiff; that plaintiff is a resident of Johnson county; that notice had been given to take her deposition in that county; that defendant was proceeding in good faith to obtain information about the alleged accident and information necessary to comply with the court's order and to prepare its defense, and that it had no intention to harass or oppress plaintiff. Upon the hearing of this application the court considered the affidavits offered and made an order restraining and enjoining defendant from taking plaintiff's deposition. Thereafter, and on June 7, defendant filed its amended answer. In the first paragraph defendant admitted its corporate existence and its business, as alleged in the petition, and denied other allegations thereof. In the second paragraph defendant protested the order of the court forbidding it to take plaintiff's deposition, the order of the court overruling in part its motion to make the petition

more definite, and the order of the court requiring defendant to make its answer of contributory negligence more definite, and averred that by reason of these orders it was compelled, for want of information which it could not obtain, to forego the filing of its plea of contributory negligence which it wished to set up.

We turn now to the questions argued. Did the court err in making the order enjoining defendant from taking plaintiff's deposition? In its affidavit in opposition to the application for that order defendant set out its reasons for desiring to take the deposition, namely, to ascertain the facts which plaintiff claimed to exist in order better to make its defense, and particularly to enable it to ascertain information upon which to plead specific facts tending to show plaintiff's contributory negligence. There was no contention that defendant expected to use the deposition on the trial, and in this court it is conceded, at least in effect, that no such use was expected to be made of it. Our former decisions do not authorize the taking of a deposition of a party to the action simply to get information and without the intention of using it at the trial. In *In re Davis, Petitioner*, 38 Kan. 408 (1888), 16 Pac. 790, it was held:

"The taking of the deposition of a party in a pending case, merely to fish out in advance what his testimony will be, and to annoy and oppress him, and not for the purpose of using the same as evidence, is an abuse of judicial authority and process; . . ."

In *Long v. Prairie Oil & Gas Co.*, 135 Kan. 440 (1932), 10 P. 2d 894, it was held:

"Our statutes (R. S. 60-2803, 60-2821 and 60-2822) authorize a party to a civil action to take the deposition of the opposing party, but in doing so he must be proceeding in good faith for the purpose of using the testimony at the trial, and there must be some reasonable ground for believing that an actual necessity exists for doing so."

To the extent the question of good faith entered into the application for the order and defense thereto, the sustaining of the application and the making of the order amounted to a finding or holding of the court that defendant was not proceeding in good faith for the purpose of using the deposition on the trial. To the extent the ruling was within the discretion of the trial court no abuse of such discretion is shown. (*Hanke v. Harlow*, 83 Kan. 738, 112 Pac. 616.)

Counsel for appellant cites statutes of the state of Missouri somewhat similar to our statutes mentioned in the syllabus above quoted, and advise us that under the Missouri practice depositions of an adverse party may be taken before the answer day in all civil actions,

and makes an able argument that our statute should be so construed. Without stopping to analyze this argument carefully we call attention to the fact that for half a century at least our statute has been construed differently. We think if any change is to be made in this procedure it should be done by the legislature rather than by the court.

We think defendant's motion to have plaintiff's petition made more definite is not tantamount to a demurrer to the petition, or any material subdivision thereof, and that the order of the court overruling that in part is not one from which an appeal can be taken before final judgment. We feel compelled to hold that the same ruling applies to plaintiff's motion that defendant be required to make the second paragraph of its original answer more definite, particularly in view of the fact that defendant complied with the court's definite order to file an amended answer within twenty days, and in doing so stated that it did "forego the filing of its plea of contributory negligence which it wished to set up." This holding need not seriously handicap defendant on the trial. While it is well recognized that contributory negligence is an affirmative defense, and ordinarily must be pleaded and proved (*Stevens v. Railway Co.*, 84 Kan. 447, 113 Pac. 398), if the evidence on behalf of plaintiff discloses contributory negligence of plaintiff, those facts may be relied upon by defendant as establishing contributory negligence even though the answer is only a general denial (*Altwein v. Street Railway Co.*, 86 Kan. 220, 120 Pac. 550), and if necessary in the progress of the trial the answer may be amended to conform to the evidence. (*Jenkins v. Kansas City Public Service Co.*, 127 Kan. 821, 823, 275 Pac. 136.)

The rulings and judgment of the trial court are affirmed.