No. 41,580

MAURA RODRIGUEZ, a Minor by and Through Her Mother and Next Friend, ANITA RODRIGUEZ, *Appellant*, v. CASCADE LAUNDRY COMPANY, a Corporation, and ARTHUR BORDEN, *Appellees*.

(347 P. 2d 455)

Opinion filed December 12, 1959.

*Joseph P. Jenkins*, of Kansas City, argued the cause, and *Joseph Cohen; Charles S. Schnider; John E. Shamberg; Barton P. Cohen; Jacob F. May, Jr.; Frederick K. Cross;* and *Norma Braly*, all of Kansas City, were with him on the brief for the appellant.

*Charles E. Gallup*, of Kansas City, argued the cause, and *J. E. Schroeder; Lee E. Weeks; Leonard O. Thomas; J. D. Lysaught; Richard Millsap; Robert H. Bingham;* and *Ervin G. Johnston*, all of Kansas City, were with him on the brief for the appellees.

The opinion of the court was delivered by

PARKER, C. J.: This was an action instituted on behalf of a minor, Maura Rodriguez, by and on behalf of her mother and next friend, Anita Rodriguez, against the Cascade Laundry Company, a Missouri corporation, and Arthur Borden, a resident of Missouri, as defendants, to recover damages for personal injuries alleged to have been sustained as the result of the negligent operation of one of the corporation's laundry trucks, while it was being driven by Bor-

den, as the corporation's agent, in the course of his employment, on one of the public streets of Kansas City, Kansas. The issues have been joined by the parties and the cause is now awaiting trial.

On March 18, 1959, plaintiff served defendants with a notice to take the deposition of the defendant Arthur Borden, a resident of Kansas City, Missouri. Subsequently defendants filed a motion for an order quashing the notice to take the deposition, stating that Borden was a party to the action and would be present to testify at the trial and that under the existing conditions, the statutes and decisions of Kansas prohibited the taking of a deposition from a party to the action. After a hearing the trial court sustained the foregoing motion and entered an order enjoining the plaintiff from taking the deposition.

Thereupon plaintiff perfected the instant appeal where the question involved is: Did the trial court err in sustaining the defendants' motion to quash plaintiff's notice to take the deposition of Arthur Borden, a party to this action and a resident of the State of Missouri, and enjoining plaintiff from taking such deposition?

Noting that appellant's brief in support of the only issue presented by this appeal, i. e., whether she has the right to take the deposition of an adverse party who is without the jurisdiction of the trial court and cannot be reached by its process, is interlarded with arguments seeking to have us reach out and determine questions dependent upon facts and circumstances not here involved, we pause to point out, that under the universal rule so elementary as to require no citation of authorities supporting it, opinions of this court will not be extended to questions not arising on the facts before it. Thus, having disposed of such arguments at the outset, we turn directly to the question before us.

We believe such question must be determined in the light of the provisions of the Laws of 1909, Chapter 113, Sections 1 and 2, effective March 30, 1909, now G. S. 1949, 60-2821 and 60-2822, which, so far as here pertinent, read:

"In any action now pending or hereafter instituted in any court of competent jurisdiction in this state, *any party shall have the right to take the deposition of the adverse party,* . . . *when such adverse party,* . . . *is without the jurisdiction of the court or cannot be reached by the process of the trial court;* . . ." (60-2821.) (Emphasis supplied.)

"The provisions of this act shall be cumulative of all the laws of this state, and shall not be construed as repealing any other law relating to the taking of testimony or evidence, and shall be construed as providing an additional means of securing evidence." (60-2822.)

In the face of the clear, unequivocal, definite and unambiguous provisions of 60-2821, *supra*, heretofore underlined for purposes of emphasis, we are constrained to conclude that from and after the effective date of the Laws of 1909, Chapter 113, Section 1, any party in an action acquired the right to take the deposition of the adverse party, provided such adverse party was without the jurisdiction of the court or was not amenable to process by the trial court. Moreover, contrary to suggestions made by appellees and mindful that the term "cumulative" has been defined in Ballentine (Second Edition) Law Dictionary with Pronunciations, as "Adding to or added to something else; by way of increase," we are equally convinced that the word "cumulative" as used in Laws of 1909, Chapter 113, Section 2 (60-2822), is to be construed as evidencing an intent on the part of the legislature to give any party to an action an absolute right he had not previously possessed under theretofore existing statutes and our decisions, *i. e.*, the unqualified right to take depositions of the adverse party if such adverse party is without the jurisdiction of the trial court or cannot be reached by its process. Further evidence of this intent on the part of the legislature is to be found in the provisions of 60-2822, *supra*, wherein, in placing its own construction on the force and effect to be given the act, of which such section is a part, it expressly provided that such act shall be construed as providing additional means of securing evidence.

In an obvious attempt to avoid the consequences of the import heretofore given the provisions of the Laws of 1909, Chapter 113, appellees direct our attention to four decisions *(Hanke v. Harlow,* 83 Kan. 738, 112 Pac. 616; *Long v. Prairie Oil & Gas Co.,* 135 Kan. 440, 10 P. 2d 894; *Ross v. Kansas City Public Ser. Co.,* 151 Kan. 132, 98 P. 2d 153; *Sampson v. Post,* 154 Kan. 555, 119 P. 2d 495) which, it is to be noted, were all decided by this court after the effective date of that enactment. Specifically, the gist of their contention regarding these decisions is that they adhere to the rule announced in earlier decisions *(In re Davis, Petitioner,* 38 Kan. 408, 16 Pac. 790; *In re Cubberly, Petitioner,* 39 Kan. 291, 18 Pac. 173), decided by this court long prior to the effective date of such act, holding that the taking of the deposition of a party in a pending case, merely to ascertain in advance what his testimony will be, and not for the purpose of using the same as evidence, is an abuse of judicial authority and process; and a party committed for re-

fusing to give his deposition in such a case, will be released on habeas corpus. Based on their view of the force and effect to be given the four decisions, to which we have heretofore referred, appellees further contend that such decisions are to be regarded as controlling precedents requiring a conclusion that the provisions of 60-2821 and 60-2822, *supra*, do not give a party to an action the unqualified right to take the deposition of the adverse party even though—as in the case at bar—it is inferentially, if not expressly, conceded such party was without the jurisdiction of the court and could not be reached by the process of the trial court. Let us see.

In *Sampson v. Post*, supra, the only point urged on appeal pertained to an order denying plaintiff an application to take the deposition of an individual, not a party to the action, who lived in the county in which the action was pending. No question respecting the right of the plaintiff to take the deposition of an adverse party was involved. It follows that decision cannot be regarded as a precedent supporting appellees' position.

*Hanke v. Harlow*, supra; *Long v. Prairie Oil & Gas Co.*, supra; and *Ross v. Kansas City Public Ser. Co.*, supra, can be considered together in determining contentions made by appellees respecting their status as controlling precedents. Resort to the opinions in those cases, and further resort to the Ross case in the volumes of our reports on file in the State Library as required by this Court's Rule No. 7, discloses that in each of such three cases a party was seeking to take the deposition of an adverse party and/or adverse parties who were within the jurisdiction of and could be reached by process of the respective trial courts in which the action was pending; that the issue presented in each case on appellate review was whether the trial court had erred in enjoining the party from taking the deposition of an adverse party and/or adverse parties who were within the jurisdiction of the court in question and amenable to its process; and that no issue was squarely involved, raised or presented in this court on appeal in either of such cases with respect to the rights of a party, under the provisions of the Laws of 1909, Chapter 113 (now G. S. 1949, 60-2821 and 60-2822), to take the deposition of an adverse party who was without the jurisdiction of the court or could not be reached by its process.

It may be conceded there is some language in the three last mentioned decisions, particularly the Long case, warranting an inference they fix and determine the right of a party to take dep-

ositions of all adverse parties, including those—not here involved —to whom reference is made in 60-2821, *supra*. Even so, this concession does not warrant or permit a conclusion appellees' position with respect to the force and effect to be given such decisions is to be upheld. Under the conditions and circumstances related in the preceding paragraph of this opinion we believe that, under well-established decisions of this court (See, e. g., *Medford v. Board of Trustees of Park College*, 162 Kan. 169, 173, 175 P. 2d 95; *Down v. Austenfeld*, 162 Kan. 562, 566, 178 P. 2d 201; *State, ex rel., v. Stonehouse Drainage Dist.*, 152 Kan. 188, 191, 102 P. 2d 1017; *Railway Co. v. City of Topeka*, 103 Kan. 896, 897, 176 Pac. 642, and other cases listed in Hatcher's Kansas Digest [Rev. Ed.], Courts, § 33; West's Kansas Digest, Courts, § 92), any language susceptible of a construction contrary to the construction we have heretofore given the clear, unequivocal, definite and unambiguous provisions of G. S. 1949, 60-2821 and 60-2822, must be considered as dictum, which in legal parlance is a statement of law in a court's opinion unnecessary to a decision of the matter in controversy.

We find nothing in other contentions advanced by the parties, all of which have been considered, of sufficient merit to warrant discussion and what has been heretofore stated and held requires a reversal of the judgment with directions to set aside the injunction.

It is so ordered.