No. 43,292

C. P. Miller, *Appellant*, v. Lyle Huffman, *Defendant*, and S. M. LaRue, d/b/a Economy Construction Co., *Appellee.*

(382 P. 2d 464)

Opinion filed June 8, 1963.

*Tom Crossan*, of Independence, argued the cause and was on the briefs for the appellant.

*Paul L. Wilbert*, of Pittsburg, argued the cause, and *Randall D. Palmer, E. Carter Botkin*, and *Alois R. Bieber*, all of Pittsburg, were with him on the briefs for appellee, S. M. LaRue, d/b/a Economy Construction Company.

The opinion of the court was delivered by

Parker, C. J.: This is an appeal from an order of the district court sustaining a motion to enjoin and suppress the taking of the deposition of an adverse party.

The plaintiff, C. P. Miller, filed an action in Montgomery County against the defendants, Lyle Huffman and S. M. LaRue, for negligent injury. The injury is alleged to have occurred while the defendants were engaged in the demolition of a building in the city of Coffeyville.

Defendant Huffman is a resident of Montgomery County and the owner of the building. Defendant LaRue, d/b/a Economy Construction Company, is a resident of Neosho County who was employed by Huffman to supervise the razing of the building.

Huffman did not respond to the service of summons and is in default. LaRue answered and the issues between plaintiff and defendant LaRue were joined by pleadings.

After joinder of issues Miller served notice to take LaRue's deposition. LaRue filed a motion, objecting to the taking of the deposition, wherein he stated he was only forty-nine years of age, in good health, would be present for trial in Montgomery County, and then asked the court to suppress the taking of the deposition and restrain the attorney for Miller from taking it.

After due notice and hearing, the court entered an order sustaining LaRue's motion in its entirety. Thereupon Miller perfected the instant appeal.

The first question raised is whether an order restraining or suppressing the taking of a deposition is appealable.

The court has entertained appeals of this type on numerous occasions. (See cases hereinafter cited dealing with depositions.) Although an appeal does not lie from an order granting, vacating, or refusing to vacate a mere restraining order (*Cooley v. Shepherd,* 170 Kan. 232, 225 P. 2d 75; *Smith v. City of Kansas City,* 167 Kan. 684, 208 P. 2d 233; *Allen v. Glitten,* 156 Kan. 550, 134 P. 2d 631; *City of Wichita v. Home Cab Co.,* 151 Kan. 679, 101 P. 2d 219), this court will examine the character and effect of the order, regardless of the term by which it is designated, for the purpose of determining whether the order is tantamount to an injunction.

An order which prevents the taking of a deposition is permanent insofar as the statutory right to take is concerned, although designated as suppressing, restraining, quashing, or enjoining.

This court may reverse, vacate, or modify an order which "grants, vacates, or modifies an injunction" (G. S. 1949, 60-3302) and an appeal will lie from an order granting or refusing a temporary injunction. (*Laswell v. Seaton,* 107 Kan. 439, 191 Pac. 266; *Bumm v. Colvin,* 181 Kan. 630, 637, 312 P. 2d 827.)

The next question presented is whether LaRue (hereinafter referred to as appellee), residing in Neosho County, is outside the jurisdiction of the district court of Montgomery County under the provisions of G. S. 1949, 60-2821. So far as here material such section provides:

"In any action now pending or hereafter instituted in any court of competent jurisdiction in this state, any party shall have the right to take the deposition of the adverse party, . . . *when such adverse party, . . . is without the jurisdiction of the court or cannot be reached by the process of the trial court;* . . ." (Emphasis supplied.)

Appellant appears to contend he has the absolute right to take the deposition of the adverse party if he is outside the jurisdiction of the trial court even though he may be reached by the process of the court. It would be difficult to find a situation where a party was within the jurisdiction of the trial court and could not be reached by process of the court. LaRue must have been within and subject to the jurisdiction of the court or he would not have responded to the summons. On the other hand, if a party can be reached by the process of the trial, he is subject to its jurisdiction for all practical purposes. Perhaps too much stress should not be placed on the difference in effect of the two phrases used in the statute.

Appellant directs our attention to the constitution and statutes covering the jurisdiction of district courts.

Article III, Section 6 of our Constitution provides:

"The district courts shall have such jurisdiction in their respective districts as may be provided by law."

The general jurisdiction of district courts is set out in G. S. 1949, 20-301, which states in part:

"There shall be in each county organized for judicial purposes a district court, which shall be a court of record, and shall have general jurisdiction of all matters, both civil and criminal (not otherwise provided by law), . . ."

Additional jurisdiction is provided by specific statutes. See, *e. g.,* G. S. 1949, 60-2502, which reads:

"Where the action is rightly brought in any county, according to the provisions of article 5, a summons shall be issued to any other county against any one or more of the defendants on the plaintiff's praecipe."

The fact that a bona fide action was brought against co-defendant Huffman and service obtained in Montgomery County must be conceded.

Appellee LaRue was in the jurisdiction of the Montgomery County district court for the purpose of service of process (60-2502) and could be reached by subpoena. (G. S. 1949, 60-2810.)

It must be understood that the right to take the deposition of an adverse party does not depend alone on the provisions of the Laws of 1909, Chapter 113, Section 1, now G. S. 1949, 60-2821.

The right to take the deposition of an adverse party was recognized before this section (60-2821) was enacted in 1909. At first blush it appears difficult to determine the intent and purpose of the legislature in enacting 60-2821, particularly in view of the existing provisions of the statute to which we shall presently refer. Even so determination of its intent and purpose will aid in determining when the section is applicable.

The right to take the deposition of an adverse party was granted under the provisions of G. S. 1949, 60-2803, which has been a part of the civil code since 1868. Those provisions read:

"Any party to a civil action or proceeding may compel any adverse party or person for whose benefit such action or proceeding is instituted, prosecuted or defended, at the trial or by deposition, to testify as a witness in the same manner and subject to the same rules as other witnesses."

See, also, G. S. 1949, 60-2819, which provides:

"The deposition of any witness may be used only in the following cases:

"*First.* When the witness does not reside in the county where the action or proceeding is pending, or is set for trial by change of venue, or is absent therefrom.

"*Second.* When from age, infirmity or imprisonment the witness is unable to attend court, or is dead.

"*Third.* When the testimony is required upon a motion, or in any other case where the oral testimony of the witness is not required."

Under our decisions the statutory enactments just quoted were given a rather restricted construction when applied to adverse parties and the trial court was given almost unlimited discretion in restraining the taking of depositions. The first case to consider the matter made a very liberal approach. In the case of *In re Abeles,* 12 Kan. [2nd Ed.]*451, the court said:

". . . That the witness whose testimony is sought is the adverse party does not affect the question, or, by section 321 [now G. S. 1949, 60-2803.] of the Civil Code, either party can compel the adverse party 'at the trial, or by deposition, to testify as a witness, in the same manner, and subject to the same rules, as other witnesses.' By section 346 [now G. S. 1949, 60-2819.] of the Code the deposition of a witness may be used when the witness is absent from the county at the time of trial, or when from age, infirmity, or imprisonment, the witness is unable to attend court, or is dead. Giving the right to use a deposition under the contingencies named gives the right to prepare for those contingencies. It cannot, of course, have been contemplated that the contingency must exist before the deposition can be taken; for in one of the cases at least the happening of the contingency would destroy the power to obtain the testimony. If the deposition of a witness can be used in case of his death, the party must have a right to take that deposition beforehand. So of the other contingencies named in the statute.

"Now the giving of testimony, whether on the trial or by deposition, is not a privilege of the witness, but a right of the party. He need not solicit; he can compel. It seems to us, therefore, that under our statutes a witness may be compelled to give his deposition, although he reside in the county where the action is pending. . . . It is also said that this permits one to go on a 'fishing expedition' to ascertain his adversary's testimony. This is an equal right of both parties, and justice will not be apt to suffer if each party knows fully beforehand his adversary's testimony." (pp. *452, *453.)

We have quoted at length from the foregoing case as what is there said and held throws much light on what is to follow.

In *In re Davis, Petitioner,* 38 Kan. 408, 16 Pac. 790, the court held:

"The taking of the deposition of a party in a pending case, merely to fish out in advance what his testimony will be, and to annoy and oppress him, and not for the purpose of using the same as evidence, is an abuse of judicial authority and process; and a party committed by a notary public for refusing to give his deposition in such a case, will be released on *habeas corpus.*" (Syl.)

Thus the court started a departure from the liberal rule announced in the *Abeles* case.

The case of *In re Cubberly, Petitioner,* 39 Kan. 291, 18 Pac. 173, further restricted the rule. There we held:

"The taking of the deposition of a party in a pending case, merely to ascertain in advance what his testimony will be, and not for the purpose of using the same as evidence, is an abuse of judicial authority and process; and a party committed for refusing to give his deposition in such a case, will be released on *habeas corpus.*" (Syl.).

And in the opinion said:

". . . If he so attends, his depositon cannot be used. Counsel proposing to take his deposition insist that they are acting in good faith, and desire to take his deposition to be used upon the trial, if he be absent at the time. There is no showing that the petitioner is going away, or that there is any probability of his being absent at the trial. Counsel qualify the statement about the use of the deposition by adding: 'If the petitioner tells the truth.' They also say that they need his deposition so as to be informed as to what other depositions it is necessary to take. Taking all the evidence together, it does not seem to us that the deposition of the petitioner is to be taken to be read in evidence upon the trial. It seems that the real purpose of taking the deposition is merely to fish out in advance what the testimony will be." (p. 292).

In *In re Merkle, Petitioner,* 40 Kan. 27, 19 Pac. 401, the restrictions on the right to take the deposition of an adverse party were made definite and distinguished from that of a disinterested witness. The opinion states:

"There is a great distinction to be noticed in cases where the depositions of parties and those of witnesses are to be taken. Parties have but recently

been made competent witnesses; their interest in the litigation is generally a safe assurance that they will be present at the trial, and the courts would be more particular in considering all such questions concerning them than they would be of a witness. Of course, when it· is perfectly apparent that the rights of witnesses are being trifled with, and the process of the court abused, they are entitled to the full measure of protection. But as a rule a party has a right to take the deposition of witnesses so as to provide against all contingencies as a mere matter of precaution; but before a party shall be subjected to such process, there must be some reasonable ground upon which to predicate a belief that there is an actual necessity for it. . . ." (p. 30.)

The preceding review presents the condition of the law when the legislature revised the civil code to some extent in 1909. It no doubt determined that it would leave the provisions now found in G. S. 1949, 60-2803, and construed by this court, but decided it would give an absolute right to take the deposition of an adverse party when the adverse party "is without the jurisdiction of the court or cannot be reached by the process of the trial court." It will be noted, this section (60-2821), as heretofore quoted, provides that the party "shall have the right." It does not use the word "may."

In *Long v. Prairie Oil & Gas Co.*, 135 Kan. 440, 10 P. 2d 894, the court construed G. S. 1949, 60-2803 and 60-2821, together and failed to recognize that any distinction had been made by the legislature. See Paragraph 1 of the syllabus in that case where it is held:

"Our statutes (R. S. 60-2803, 60-2821 and 60-2822) authorize a party to a civil action to take the deposition of the opposing party, but in doing so he must be proceeding in good faith for the purpose of using the testimony at the trial, and there must be some reasonable ground for believing that an actual necessity exists for doing so."

In passing it should be stated the above holding in the *Long* case, and similar holding in other cases, were criticized, if not actually disapproved, in *Rodriguez v. Cascade Laundry Co.*, 185 Kan. 766, 768-770 347 P. 2d 455.

In *Rodriguez v. Cascade Laundry Co.*, supra, the court recognized the intention of the legislature when it enacted G. S. 1949, 60-2821 as distinguished from G. S. 1949, 60-2803. It also carefully considered its previous decisions and held:

"In an action instituted on behalf of a miner against the Cascade Laundry Company, a Missouri corporation, and Arthur Borden, a resident of Kansas City, Missouri, to recover damages for personal injuries alleged to have been sustained as the result of Borden's negligent operation of a company laundry truck on a public street in Kansas City, Kansas, issues were joined by the parties. After service by plaintiff of a notice to take the deposition of Borden

the defendants filed a motion for an order quashing the notice. This motion was sustained and plaintiff was enjoined from taking the deposition. On appeal from the ruling and judgment the record is examined and it is *held* the provisions of Laws of 1909, Chapter 113, now G. S. 1949, 60-2821 and 60-2822, give any party to an action the unqualified right to take the deposition of the adverse party when such adverse party is without the jurisdiction of the court or cannot be reached by the process of the trial court; and that where—as here—it appears the adverse party was without the jurisdiction of the trial court and not amenable to its process, the court erred in sustaining the motion to quash the notice and in enjoining the plaintiff from taking the deposition." (Syl. 1.)

Based on what has been heretofore stated and held we conclude that a party has an absolute right to take the deposition of an adverse party, if such party is "without the jurisdiction of the court or cannot be reached by the process of the trial court." (G. S. 1949, 60-2821.) A party may also take the deposition of an adverse party when the adverse party "does not reside in the county where the action is pending" (G. S. 1949, 60-2819 and 60-2803), but the taking of such deposition is subject to the discretion of the trial court after considering such matters as intent to use the deposition at the trial, necessity, intention of the adverse party to attend the trial, harassment, and other related matters.

As previously indicated appellee states in his motion to restrain the taking of the deposition:

". . . The defendant, S. M. LaRue, d/b/a Economy Construction Company, will be present for the trial of this case. Said defendant is only forty-nine (49) years of age and has lived at Chanute, Kansas for many years and has no intention of leaving Chanute, Kansas, and is not afflicted with any diseases or ailments which would cut short his normal life span. . . ."

Under all the confronting facts and circumstances we are forced to conclude that the adverse party was not outside the jurisdiction of the trial court and could be reached by process of that tribunal, hence the appellant could not take the deposition of his adverse party as a matter of statutory right under the provisions of G. S. 1949, 60-2821.

We further conclude that the right to take the deposition of the adverse party under the provisions of G. S. 1949, 60-2803, rests largely in the discretion of the trial court and we find nothing in the record to indicate that it abused its discretion.

For the benefit of those who may be interested in the right of a litigant to take the deposition of a witness, not a party—a question not here involved—readers of this opinion are referred to recent

decisions of this court. See *Richard v. Pohl,* 184 Kan. 105, 334 p. 2d 390; *Gardner v. Mae,* 186 Kan. 375, 349 P. 2d 910; and *Soden v. Gemberling,* 188 Kan. 716, 718, 366 P. 2d 235.

The judgment is affirmed.