No. 35,340

GENEVA E. SAMPSON, *Appellant*, v. EVA A. POST, *Appellee*.

(119 P. 2d 495)

Opinion filed December 6, 1941.

*Chauncey B. Little,* of Olathe, *Bernard L. Sheridan* and *L. Perry Bishop,* both of Paola, for the appellant.

*Clayton Brenner,* of Olathe, and *Karl V. Shawver,* of Paola, for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This action was brought by Geneva E. Sampson against Eva A. Post to recover damages for alienation of her husband's affections. The case has not been tried. The appeal was taken by plaintiff solely from an order denying her application to take the depositions of Thomas J. Sampson, plaintiff's husband, and of one R. A. Dunmire.

The verified application of plaintiff was as follows:

"That the above-entitled action was filed on the —— day of February, 1941 and is now pending. That subsequent to the filing of said action the defendant, Eva A. Post, claims to have executed and delivered to the Spring Hill State Bank, Spring Hill, Kansas, a note and mortgage purporting to grant a mortgage lien on an undivided half interest in and to the southeast quarter of section twenty-eight (28), township fifteen (15), range twenty-four (24), containing 160 acres more or less and an undivided half interest in and to the northeast quarter of section twenty (20), township fifteen (15), range twenty-four (24), also containing 160 acres more or less, all of said land being located in Miami county, Kansas. That said alleged mortgage was duly recorded April 9, 1941, in book 71 of Mortgages at page 87 in the office of the register of deeds of Miami county, Kansas. That said Eva A. Post also claims to have executed and delivered to the State Bank of Spring Hill, Spring Hill, Kansas, two other mortgages purporting to grant a mortgage lien on certain lands in Johnson county, Kansas, said mortgages being dated the —— day of ——————, and the —— day of ——————, respectively, and being recorded in book —— at page —— and book —— at page —— in the office of the register of deeds of Johnson county, Kansas. That the said Eva A. Post also claims to have executed and delivered to Karl V. Shawver and Clayton Brenner another mortgage purporting to grant a mortgage lien on certain other lands owned by the said Eva A. Post and purporting to secure the sum of $5,000. That said alleged mortgage liens purport to cover and operate as a lien on practically all of the real estate now owned by the said Eva A. Post. That R. A. Dunmire, who is an officer and the managing head of the State Bank of Spring Hill, Spring Hill, Kansas, has been acting as the agent of the said Eva A. Post for some years and is familiar with many of her business transactions. That this plaintiff desires to procure and preserve the deposition of the said R. A. Dunmire, for the purpose of using the same, if necessary, in the trial of the above-entitled action and in the taking of said deposition desires to require the said R. A. Dunmire, as the managing officer of the said State Bank of Spring Hill, to produce the records of said bank which are involved in the business transactions between the said bank and the said Dunmire and the said Eva A. Post, defendant herein. That said testimony is vital and necessary to the plaintiff for the reason that the question of punitive damages is involved in the above entitled action and it is necessary for the plaintiff to prove the financial circumstances and financial resources of the defendant. That the said R. A. Dunmire has stated that he will not testify in the above-entitled action unless ordered to do so by this court. That two attempts have been made to take the deposition of the said R. A. Dunmire by a notary public and by the official court reporter of this court and that the said R. A. Dunmire has refused to testify on both of said occasions except to state that he would not give his deposition unless ordered to do so by the court. That the said Dunmire is not a party to this action, is middle-aged, and is actively engaged each day in work in said bank and also is in the habit each day of driving his automobile along the highways of Kansas. That on one occasion the said State Bank of Spring Hill was robbed and the said Dun-

mire was assaulted at said time. That no one else in said bank has the full personal knowledge of the business and affairs of the defendant except the said R. A. Dunmire. That the plaintiff in view of the refusal of the said R. A. Dunmire to testify in this action before a notary public and before the official court reporter, and in view of the risks of his employment and the operation of his said automobile, cannot safely prepare and proceed to the trial of this action without the said deposition of the said R. A. Dunmire. That in connection with the taking of said deposition the plaintiff desires to serve on the said R. A. Dunmire, as cashier of the said State Bank of Spring Hill, Kansas, a subpoena *duces tecum* in substantially the form as shown by exhibit 'A' hereto attached and by this reference made a part hereof. And to require the said R. A. Dunmire to produce and have available at the taking of the deposition the papers, books and documents described in said subpoena *duces tecum*. That T. J. Sampson also has refused to testify as to certain facts which are material and necessary to the proof of plaintiff's case herein before a notary public authorized to take his deposition.

"Wherefore, plaintiff prays that the court make an order authorizing the taking of the deposition of the said R. A. Dunmire, and also the taking of the deposition of T. J. Sampson before W. C. Jones, probate judge of Johnson county, Kansas, at such time as shall be fixed by this court and a further order authorizing the subpoenaing of the said R. A. Dunmire *duces tecum* by subpoena in form and substance substantially as set forth in exhibit 'A.' "

Exhibit "A," the subpoena *duces tecum,* was drawn in conformity with the above application. The only point urged on appeal pertains to the order denying the application to take the deposition of R. A. Dunmire.

We know of no statutory provision or principle which authorizes or justifies an order of a district court fixing the time when a probate court must take a deposition. Appellant cites no authority for such an order. We need, however, not base our opinion solely upon that ground. The record affirmatively discloses the court probably refused the application for another reason. The court found "there is insufficient showing to warrant the granting of said motion and that the same should be overruled." The order was made after the court had heard oral testimony in support of the application and after being fully advised in the premises. Appellant had called R. A. Dunmire as a witness. His testimony was in substance as follows: He lived at Spring Hill. (Spring Hill is located in Johnson county, the county in which the instant action was pending.) He was cashier of the State Bank of Spring Hill; demand had been made upon him to take the deposition; he refused to consent to the taking of his deposition on the advice of counsel; he was advised it was not necessary to give his testimony at that time; he drove an automobile as frequently as four times a week; he operated his car

on the highways of Kansas and the streets of Spring Hill and other towns; the bank was robbed at one time and in the course of the robbery he was assaulted, having received "several wallops from a black jack"; he recovered from the assault; he was 49 years of age, had been an athlete at Kansas University, was in good health and had no infirmities; since the bank robbery protecting devices have been installed in the bank by way of erecting bullet-proof barriers; he had never had a serious automobile accident; he intended to stay in Johnson county and would be available as a witness at the trial of the action.

Appellant contends the following issues are presented on appeal:

"1. The question as to whether or not the trial court erred in overruling the application of the appellant for authority to take the deposition of R. A. Dunmire.

"2. The question of whether or not the court erred in refusing to admit the testimony of R. A. Dunmire as to whether or not he had been acting as the agent or representative of Eva A. Post."

We shall treat the contentions in reverse order. The court, in considering the application, took this position: It did not desire to go into the agency relation of Dunmire to the bank or to the plaintiff at that time; the questions were whether a demand had been made on Dunmire to take his deposition; whether Dunmire had refused to give it and whether the court should appoint a commissioner to take it.

In response to the position taken by the court appellant replied: "That is right. I was just trying to prove he was a material witness and if the court doesn't want to hear it, I won't offer it."

In view of the record appellant is not in a position to urge his second contention of error.

What about the first contention? G. S. 1935, 60-2819, provides:

"The deposition of any witness may be used only in the following cases:

"First. When the witness does not reside in the county where the action or proceeding is pending, or is set for trial by change of venue, or is absent therefrom.

"Second. When from age, infirmity or imprisonment the witness is unable to attend court, or is dead.

"Third. When the testimony is required upon a motion, or in any other case where the oral testimony of the witness is not required."

The instant case does not fall within any class enumerated in the statute. Appellant directs our attention to the case of *Long v. Prairie Oil & Gas Co.*, 135 Kan. 440, 10 P. 2d 894, where it was said:

"The statute (R. S. 60-2819) enumerates some of those reasonable grounds

as advanced age, infirmity, etc., and the court in its wide discretion will recognize other grounds, . . ." (p. 442.)

Orders resting in the discretion of a trial court are not ordinarily final and appealable. (*Nelson v. Schippel,* 143 Kan. 546, 56 P. 2d 469.) It would appear we would be justified in dismissing the instant appeal on the ground the ruling did not constitute a final and appealable order. The parties, however, have not briefed that point and we shall pass to the merits of the only remaining issue.

Is it apparent from the record the court abused sound discretion in denying the application? Appellant contends the question of defendant's financial status was material by reason of the fact punitive damages were brought in the action and that it was important to preserve Dunmire's testimony. The public records disclosed the conveyances defendant had made. The application did not allege the conveyances were fraudulently made nor is it contended appellant did not know what other properties or wealth defendant possessed. Appellant's evidence disclosed the witness Dunmire was a comparatively young man and in good health, that he lived in the county in which the action was pending and that he would be available as a witness at the trial. There was no showing whatever that plaintiff could not obtain a speedy trial of her case. The inferences, in fact, are that she could obtain a speedy trial. It appears the testimony of the witness could have been preserved with far greater certainty by an early trial than by the instant procedure involving the delay occasioned by an appeal to this court. The order denying appellant's application was made May 17, 1941. An answer to the amended petition was filed August 8, 1941. The next term of the district court in Johnson county was in September, 1941. (G. S. 1935, 20-1010.) Appellant did not file his abstract and brief in this court until October 3, 1941.

Appellant insists there is nothing in the record in the instant case which discloses the application was not made in good faith. It is true there is no finding that the application was not made in good faith. The same contention was made in the Long case, *supra,* where it was said:

"It is urged that there was no finding that the plaintiff was not proceeding in good faith, as was alleged in the application and emphasized in most of the opinions cited. While there is no such specific finding, it is effectually contained in the finding that there was no reasonable ground for believing there was any actual necessity for doing what the plaintiff was proposing to do." (p. 442.)

The finding in the instant case was substantially to the same effect. The court found "there is insufficient showing to warrant the granting of said motion . . ."

Appellant points out there is a distinction between the right to take the deposition of a party to an action and of a witness who is not a party. That is conceded. Appellant relies upon *In re Abeles,* 12 Kan. 451, *In re Merkle, Petitioner,* 40 Kan. 27, 19 Pac. 401, *Hanke v. Harlow,* 83 Kan. 738, 112 Pac. 616, and *Long v. Prairie Oil & Gas Co.,* 135 Kan. 440, 10 P. 2d 894. Those cases do not require a reversal of the ruling in the instant case. From the record before us it is not apparent the trial court abused the exercise of sound judicial discretion in denying the application. The judgment must therefore be affirmed. It is so ordered.