No. 41,736

BERTIE B. GARDNER, *Appellant,* v. KENNETH F. MAE, *Appellee,* and BERTRAM GLADSTONE, *Defendant.*

(349 P. 2d 910)

Opinion filed March 5, 1960.

*John C. Frank,* of Wichita, argued the cause, and *Tom Cunningham,* of Wichita, was with him on the brief for the appellant.

*H. W. Fanning,* of Wichita, argued the cause, and *W. A. Kahrs, Robert H. Nelson* and *Patrick F. Kelly,* all of Wichita, were with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This appeal is from an order of the trial court enjoining the plaintiff from taking the deposition testimony of a witness, not a party to the action, residing in the same county in which the action is pending.

The only purpose of the appeal is to determine whether the Supreme Court will alter its construction of the applicable provisions of the code of civil procedure concerning *the taking* of deposition testimony of a witness, not a party to the action, who resides in the same county where the action is pending.

The personal injury action, in which the taking of the deposition was enjoined, was brought by Bertie B. Gardner (plaintiff-appellant) who was a passenger in an automobile which collided with an automobile driven by Kenneth F. Mae (defendant-appellee). The action has not been tried. Subsequent to the filing of the action, it was dismissed as to the defendant, Bertram Gladstone, on motion of the plaintiff.

After the plaintiff in the trial court served notice to take the deposition of the witness, Jack Ramsey, the defendant filed a motion to stay the taking of the deposition and requested injunctive relief. The motion was argued by counsel for the respective parties at the hearing in the trial court, but *no evidence was offered to support the taking of the deposition.* The trial court, after taking the matter under advisement, found that *since the plaintiff failed to show* the witness, whose deposition she intended to take, "was infirm, that there was danger of the witness failing to appear at the time of the trial, or that the witness w'^s out of the jurisdiction of the court or was about to leave the jurisdiction of the court," she was not entitled to take the deposition testimony of the witness. It thereupon sustained the motion.

The statutory authority for taking and using depositions of witnesses and parties is set forth in G. S. 1949, 60-2819 to 60-2822, inclusive. Other sections of the code of civil procedure pertinent to deposition testimony are found in G. S. 1949, 60-2823 to 60-2848, inclusive, and see 60-2803. The specific section with which we are here concerned is G. S. 1949, 60-2819, which provides:

"The deposition of *any witness* may be *used* only in the following cases:

"*First.* When the witness does not reside in the county where the action or proceeding is pending, or is set for trial by change of venue, or is absent therefrom.

"*Second.* When from age, infirmity or imprisonment the witness is unable to attend court, or is dead.

"*Third.* When the testimony is required upon a motion, or in any case where the oral testimony of the witness is not required." (Emphasis added.)

It should be noted the above statute specifies when the deposition may be *"used."* It is provided under G. S. 1949, 60-2843:

"When a deposition is offered to be read in evidence, it must appear to the satisfaction of the court that, for any cause specified in section 337·[60-2819], the attendance of the witness cannot be procured."

The appellant relies upon the case of *In re Abeles,* 12 Kan. 451, decided in 1874, which construed G. S. 1868, Ch. 80, § 346 (now appearing as G. S. 1949, 60-2819), but in all candor concedes that

to reverse the trial court *Sampson v. Post,* 154 Kan. 555, 119 P. 2d 495, must be overruled on the point in question.

In the *Sampson* case the trial court had before it proceedings on an application to take the deposition testimony of a witness, other than a party to the action, who resided in the same county where the damage action for alienation of affections was pending, and on appeal it was held, upon the facts and circumstances presented by the record therein, that it was not apparent the trial court had abused the exercise of sound judicial discretion in denying the application.

Therefore, if upon the facts and circumstances presented in the *Sampson* case the trial court did not abuse the exercise of sound judicial discretion, *a fortiori,* in the instant case the trial court did not abuse the exercise of its power of discretion by enjoining the plaintiff from taking the deposition testimony of the witness, since *no evidence* whatever was presented to support the taking of the deposition.

We adhere to *Sampson v. Post,* supra, which controls the decision herein.

The judgment of the trial court is affirmed.