CHARLES E. STEVENS, *Appellee*, v. THE MISSOURI, KAN-
SAS & TEXAS RAILWAY COMPANY, *Appellant*.

No. 16,807.

SYLLABUS BY THE COURT.

1. MASTER AND SERVANT—*Injury to Employee—Notice of Defect
in Appliance—Pleading.* Where, in an action for damages, it
is alleged in the petition that the plaintiff was injured by a
defect in an appliance, which he was in duty bound to oper-
ate, and that the defendant had knowledge of the defect, or
in the exercise of reasonable care should have known of the
defect, and that the plaintiff had no knowledge thereof, it is
not essential to the plaintiff's cause of action that he allege
that he could not, in the exercise of reasonable care, have
acquired knowledge thereof.

2. ——— *Contributory Negligence—Defensive Matter.* In such
case, if the contributory negligence of the plaintiff is relied
upon as a defense, it devolves upon the defendant to allege
and prove it.

Appeal from Labette district court. Opinion filed
February 11, 1911. Affirmed.

*John Madden,* and *W. W. Brown,* for the appellant.
*W. D. Atkinson,* for the appellee.

The opinion of the court was delivered by

SMITH, J.: The undisputed facts in this case, briefly
stated, are: Stevens was employed by the railroad
company as night watchman at Mineral, where there
were switch yards but no roundhouse, and where, on a
cold night in February, 1907, with two other men, he
was to care for three engines. Their duties were to
keep up sufficient steam to prevent the pipes from
freezing. Stevens had been employed at this business
only a short time, but longer than either of the other
workmen, who were subject to his direction. The en-
gines were numbered 159, 165 and 178. During the
night Stevens was on engine No. 159, where the acci-
dent occurred, and was called by the workmen to one

of the other engines to adjust some difficulty, and on his return to No. 159 the supply pipe, or hose, which was attached at one end to a "goose neck" under the engine and at the other to a feed pipe from the water tank, blew off at the "goose neck," struck him on the leg, and fractured it. The supply pipe was of rubber, always contained water from the tank, and its function was to convey water to the engine. One of the principal duties of the workmen was to keep up sufficient steam in the engine and so adjust it as to force the steam through the supply pipe into the tank, to prevent the water in the supply pipe and other pipes from freezing. The engine had been taken to the repair shop at Parsons and a new supply pipe placed thereon a day or two before the accident, and had been run out to Mineral on the evening previous thereto. The "goose neck" was of metal, enlarged at the end, and the pipe was fastened by being slipped over this enlargement and held by a metal clamp, adjusted by a screw, in a manner similar to the attachment of a nozzle to an ordinary lawn hose.

On the trial the jury returned a verdict in favor of Stevens for $2500 damages. A motion for a new trial was denied, and judgment was rendered according to the verdict.

The claim of the appellee is that this hose was not properly attached and secured to the "goose neck" at the shops, and, on the part of the appellant, that Stevens negligently permitted the steam to get down and the water to freeze in the pipe.

In the petition it was alleged that the hose was loosely and insecurely clamped to the "goose neck," and by reason thereof was unable to withstand a pressure of steam sufficient and necessary to keep the heater warm and the water therein from freezing, and that the railroad company, in the exercise of ordinary care, could have ascertained the defective condition; also, that the appellee did not know of the defect. The ap-

pellant demurred to the petition, on the ground that it contained no allegation that Stevens, in the exercise of ordinary care, could not have known of the defect. If the accident occurred from the want of ordinary care on the part of the appellee it constituted contributory negligence on his part, and was a proper matter to be alleged in defense.

We think the court properly overruled the demurrer. The evidence on the part of Stevens tended to establish the fact that the pipe was improperly attached, and, on the part of the company, evidence was given by Roundtree—the engineer who ran the engine out—to the effect that Stevens neglected to keep up proper steam; that the water in the pipe froze; that the accumulating steam blew off the pipe and caused the injury; and that it was negligence on the part of Stevens to allow the steam to get down. The evidence presented no further issue for the determination of the jury, and, hence, the demurrer of the appellant to the evidence was properly overruled.

The third contention argued by appellant is that, if it should be assumed from the evidence that the railroad company was negligent in any particular, it must be conceded that Stevens was familiar with the conditions around him—everything could be seen by him; that he knew the dangers of the place; in fact, that he and his coemployees made the dangerous condition, if any existed; and that he voluntarily and unnecessarily put himself in a place of danger and received the injury by climbing into the cab on the side on which the pipe blew off instead of on the other side. As before said, this presents an issue for the jury. There was evidence *pro* and *con,* the jury determined the issue in favor of the appellee, and the court approved the verdict. There was sufficient evidence to sustain the judgment. We can not say, as a matter of law, that a man who was previously inexperienced and who had been only tending an engine for the purpose indicated in

this case for a short time, was bound to know from mere observation that the attachment of the pipe to the "goose neck" by the skilled workmen of the railroad company at its shops had been improperly done; nor can we say that the evidence fails to show that the accident occurred by reason of the defective attachment of the hose to the "goose neck," or that the evidence conclusively shows that the accident occurred by reason of the fault of the appellee and his assistants in allowing the steam to get down and the water to freeze in the pipes.

In short, this is a fact case. There seems to be no substantial legal question involved. It is contended that some of the findings are inconsistent, but we do not think they are necessarily so. The instructions of the court were proper, and, as before said, it approved the findings of the jury, and we think on sufficient evidence.

The judgment is affirmed.