No. 38,997

ALVA STINNETT, A Minor and Infant, by CLARA STINNETT, his Parent and Next Friend, *Plaintiff-Appellee,* v. KENNETH HARPER, *Defendant-Appellant.*

(259 P. 2d 190)

Opinon filed July 6, 1953.

*Oscar M. Yount,* of Galena, argued the cause, and *John S. Bond* and *Ray Bond,* both of Joplin, Mo., and *Helen E. Yount* and *Kent E. Yount,* both of Galena, were with him on the briefs for the appellant.

*Fayette Rowe,* of Columbus, was on the briefs for Alva Stinnett, a minor and infant, by Clara Stinnett, his parent and next friend, plaintiff-appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action for damages alleged to have been sustained when a motorbike upon which plaintiff was riding collided with an automobile being driven by defendant.

The original petition alleged the details of a collision at a street intersection about 4:45 in the afternoon when plaintiff was riding west on his motorbike on East Maple Street in Columbus in his right-hand lane of traffic at a speed of from fifteen to twenty miles per hour when the defendant without any warning turned his automobile directly in front of plaintiff's motorbike, blocking his course to the west; that defendant was negligent in failing to yield the right of way to plaintiff; failing to give a signal of intention to turn left from his direct course; failing to give a signal of intention to turn at a time when he was unable so to do with reasonable safety.

Plaintiff's injuries and damages were set out in detail.

Judgment was prayed for $20,430.55.

To this petition defendant filed a motion to strike the allegation as to the defendant's acts of negligence, also the allegations as to plaintiff's damages and allegations as to damages sustained by plaintiff.

The defendant also filed a motion that the plaintiff be directed to make his petition more definite and certain in some thirteen particulars, that is, details as to make and model of the motorbike and its license number; details as to the issuing of the license; a description of it and its brakes and warning device; the speed at which plaintiff was traveling; the details of the street intersection where the collision occurred; in what direction defendant was driving his automobile prior to and at the time the plaintiff alleged defendant without warning turned his automobile northward directly in front of plaintiff's motorbike; whether plaintiff predicated a cause of action on *res ipsa loquitur* or express negligence; the owner of the motorbike plaintiff was riding; the distance plaintiff's motorbike was from the automobile driven by defendant when the defendant without any warning turned northward directly in front of plaintiff; and the distance plaintiff's motorbike was at the time of the collision.

This motion was overruled except plaintiff was directed to state what direction defendant was driving his automobile prior to and at the time of the collision and the distance his motorbike was from the automobile when defendant turned north.

Plaintiff filed an amended petition. This generally contained the same allegations the original petition contained except that he alleged that Ohio Street intersected East Maple Street at right angles. The petition also alleged that at the time defendant was driving his automobile eastward on East Maple Street at a point on that street some distance to the west of the point where plaintiff was riding and driving his motorbike, the exact distance plaintiff did not know; that when the automobile being driven eastward by defendant reached a point on East Maple Street approximately six or eight feet from the motorbike of plaintiff at a time when plaintiff was driving his motorbike westward on East Maple Street on his proper traffic lane at a speed of approximately fifteen to twenty miles per hour, defendant without giving warning turned northward on Maple Street directly in front of the motorbike of plaintiff and at a time when plaintiff was driving and riding his motorbike at a speed of from fifteen to twenty miles an hour westward on East Maple Street, thus blocking plaintiff's course to the west on East Maple Street and plaintiff's motorbike and defendant's automobile collided and plaintiff was thrown onto the parking on the north side of East Maple Street, and the negligent acts of the defendant consisted of

failure to yield the right of way to plaintiff when plaintiff's motorbike was in the intersection or was so close thereto as to constitute an immediate hazard; failure of defendant to give a proper signal of his intention to turn his automobile to the left and turning his automobile from the direct course when that movement could not be made with reasonable safety. The allegations as to injuries were substantially those of the original petition. The amended petition also alleged and asked for damages for plaintiff's motorbike. The prayer was the same.

Defendant demurred to this amended petition, first because several causes of action were improperly joined; and second, because it did not state facts sufficient to constitute a cause of action. This demurrer was overruled and defendant has appealed.

The specifications of error are the court erred in overruling defendant's motion to strike, in overruling defendant's motion to make definite and certain and in overruling defendant's demurrer to the amended petition on both grounds.

Defendant first argues the trial court erred in overruling his motion to strike. It is difficult to discern defendant's point in this argument. The allegations at which defendant directed this motion were actually included apparently to make the petition more readable. They really add nothing vital to the petition. Their inclusion was not prejudicial to the defendant.

Defendant next argues the court erred in overruling all except two paragraphs of his motion to require the plaintiff to make his petition more definite and certain. Defendant argues this motion paragraph by paragraph. It asked in the main that plaintiff be ordered to plead various matters of evidence. Defendant makes a great point of the use by the plaintiff of the word "motorbike" as the vehicle upon which he was riding at the time of the collision. Defendant argues he is completely in the dark as to the sort of vehicle involved. We think this argument is hypercritical. It is clear from Webster's New International Dictionary, page 1600, that one of the meanings of the word "motorbike" is "motorcycle." Besides the whole affair is a matter of evidence. It is not the function of a motion to make definite and certain to cause the plaintiff to plead his evidence. Such a motion is good only when the pleading is so indefinite that the nature of the charge is unascertainable. (See *Republic County v. Guaranty Co.*, 96 Kan. 255, 150 Pac. 590.)

The paragraph of the motion asked the plaintiff be directed to

state whether he was seeking to recover upon the theory of *res ipsa loquitur* or express negligence. This point is not good. The petition pleaded three grounds of express negligence.

Apparently defendant sought to require the plaintiff to plead some facts that would show him to be guilty of contributory negligence as a matter of law. Such is not the function of a motion to make definite and certain. (See *Noel v. McCaig*, 174 Kan. 677, 258 P. 2d 234; also *Stevens v. Railway Co.*, 84 Kan. 447, 113 Pac. 398.)

Defendant argues he was entitled to know in whose name the "motorbike" was registered because plaintiff had asked for damages to it, and if he was not the owner then there was a misjoinder of causes of action. The petition did allege plaintiff was riding westward on "plaintiff's motorbike." He later referred to it in the petition as "motorbike of plaintiff." This was a sufficient allegation of ownership. Whether he actually was the owner may be determined later on the cause of the action if defendant disputes it.

The trial court did not err in overruling the motion to require plaintiff to make his petition more definite and certain.

Defendant next argues the trial court erred in overruling his demurrer to the plaintiff's petition because it did not state a definite theory upon which plaintiff sought to recover. This argument is not good. The petition stated plaintiff was driving west on East Maple Street and the defendant was driving east on the same street. As they each approached the intersection of Ohio Street with East Maple defendant without giving any warning sign of an intention to do so turned his automobile northward in East Maple Street directly in front of plaintiff's motorbike; that at the time defendant's automobile was six or eight feet from plaintiff's motorbike.

Plaintiff based his action on certain of our statutes. They are G. S. 1949, 8-547, which provides as follows:

"(a) No person shall turn a vehicle from a direct course upon a highway unless and until such movement can be made with reasonable safety, and then only after giving a clearly audible signal by sounding the horn if any pedestrian may be affected by such movement, or after giving an appropriate signal in the manner hereinafter provided in the event any other vehicle may be affected by such movement. (b) A signal of intention to turn right or left shall be given continuously during not less than the last 100 feet traveled by the vehicle before turning. (c) No person shall stop or suddenly decrease the speed of a vehicle without first giving an appropriate signal in the manner provided herein to the driver of any vehicle immediately to the rear when there is opportunity to give such signal."

Also G. S. 1949, 8-549, which provides:

"All signals herein required given by hand and arm shall be given from the left side of the vehicle in the following manner and such signals shall indicate as follows: (1) Left turn—hand and arm extended horizontally. (2) Right turn—hand and arm extended upward or moved with a sweeping motion from the rear to the front. (3) Stop or decrease of speed—hand and.arm extended downward."

And G. S. 1949, 8-551, which provides:

"The driver of a vehicle within an intersection intending to turn to the left shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard, but said driver, having so yielded and having given a signal when and as required by this act, may make such left turn and the drivers of all other vehicles approaching the intersection from said opposite direction shall yield the right of way to the vehicle making the left turn."

The petition alleged the ground of negligence to be—

"1. Failure of defendant, Kenneth Harper, to yield the right of way to plaintiff on the aforesaid intersection of Kansas State Highway No. 96, at a time when the said defendant, Kenneth Harper, was driving his said automobile on the aforesaid intersection and at a time when the said defendant, Kenneth Harper, was turning his said automobile to defendant's left on the said intersection, and when the motor bike driven by plaintiff, Alva Stinnett, was within the said intersection or so close thereto as to constitute an immediate hazard.

"2. Failure of defendant, Kenneth Harper, to give a signal of intention to turn his automobile left of Kenneth Harper's direct course upon the said intersection of East Maple Street, also Kansas State Highway No. 96, before turning to the left of defendant.

"3. And defendant, Kenneth Harper, turning his said automobile to defendent's left as aforesaid from a direct course upon Kansas State Highway No. 96, when such movement could not be made with reasonable safety; plaintiff, Alva Stinnett, suffered the following injuries. . . ."

We know not what the proof will show on the trial or what defendant will plead in his answer. For the purposes of a demurrer, however, this petition stated a violation of the above statutes and a good cause of action.

The statute, G. S. 1949, 60-704, *Second,* requires a petition to contain a statement of the facts constituting the cause of action in ordinary and concise language and without repetition. This petition meets that test.

The judgment of the trial court is affirmed.