NOT DESIGNATED FOR PUBLICATION

No. 121,046

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

HODES & NAUSER, MDS, P.A., and TRACI LYNN NAUSER, M.D.,
*Appellees*,

v.

LEE A. NORMAN, M.D., in His Official Capacity as
Secretary of the Kansas Department of Health and Environment;
STEPHEN HOWE, in His Official Capacity as District Attorney for Johnson County,
Kansas; and DEREK SCHMIDT, in His Official Capacity as Attorney General for the State
of Kansas,
*Appellants*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; FRANKLIN R. THEIS, judge. Opinion filed February 12, 2021. Appeal dismissed.

*Dwight R. Carswell*, assistant solicitor general, *Robert C. Hutchison*, of Thompson-Hall P.A., of Lawrence, *Jeffrey A. Chanay*, chief deputy attorney general, and *Derek Schmidt*, attorney general, for appellants.

*Hillary Schneller* and *Kirby Tyrrell*, pro hac vice, of Center for Reproductive Rights, of New York, New York, *Teresa A. Woody*, of The Woody Law Firm, P.C., of Kansas City, Missouri, and *LJ Leatherman*, of Palmer Law Group, L.L.P., of Topeka, for appellees.

Before MALONE, P.J., HILL and BUSER, JJ.

PER CURIAM: In 2011, Dr. Herbert Hodes, Dr. Traci Nauser, and their medical practice, Hodes & Nauser, MDs, P.A., sued the Secretary of the Kansas Department of Health and Environment (KDHE); the District Attorney for Johnson County, Kansas; and

1

the Attorney General for the State of Kansas, seeking declaratory relief and an injunction against enforcing certain statutes and regulations governing abortion facility licensure that were set to go into effect that year. The district court granted a temporary restraining order enjoining enforcement and the parties agreed to extend the temporary restraining order until final judgment on the constitutionality of the statutes and regulations.

The Legislature amended one of the statutes in 2015 and the defendants then sought to clarify or dissolve the injunction as it related to that statute, claiming that the 2011 agreed order did not contemplate the amendments and that the plaintiffs lacked standing to challenge that statute because the plaintiffs said through discovery that they were currently complying with its requirements. The district court filed an order addressing the motion but without granting any final relief on the motion.

The defendants appeal, claiming jurisdiction under K.S.A. 2020 Supp. 60-2102(a)(2), which authorizes immediate appeals from any order granting, refusing, modifying, dissolving, or continuing an injunction. But for the reasons stated in this opinion, we find that this court lacks jurisdiction over this appeal under K.S.A. 2020 Supp. 60-2102(a)(2). As a result, we dismiss the appeal as prematurely filed.

FACTUAL AND PROCEDURAL BACKGROUND

Dr. Herbert C. Hodes and his daughter, Dr. Traci Lynn Nauser, are board-certified obstetrician-gynecologists licensed to practice medicine in Kansas. They provide care, including pregnancy termination services, through their Overland Park, Kansas, medical practice, Hodes & Nauser, MDs, P.A., which advertises as the Center for Women's Health. In 2011, the Kansas Legislature enacted K.S.A. 65-4a01 through K.S.A. 65-4a12 (the Act), to govern abortion facility licensure. See K.S.A. 65-4a01 et seq. The Act tasked the Secretary of the KDHE with "adopt[ing] rules and regulations for the licensure of

2

facilities for the performance of abortions." See K.S.A. 65-4a01(l), K.S.A. 65-4a09(a). KDHE adopted temporary regulations which were set to take effect on July 1, 2011.

In June 2011, Dr. Hodes, Dr. Nauser, and their medical practice (collectively, Hodes & Nauser), along with other plaintiffs, sued in the United States District Court for the District of Kansas challenging and seeking to enjoin enforcement of the Act and the temporary regulations. The federal district court issued a preliminary injunction "enjoining enforcement of the Temporary Regulations and the licensing provisions of the Act as applied." KDHE continued with the notice and comment period for proposed permanent regulations (the Permanent Regulations) and eventually published the final Permanent Regulations in the Kansas Register as K.A.R. 28-34-126 through K.A.R. 28-34-144, with an effective date of November 14, 2011.

On November 9, 2011, Hodes & Nauser filed suit in Shawnee County District Court against Dr. Robert Moser, in his official capacity as the Secretary of KDHE (Dr. Lee Norman, the next Secretary of KDHE, was later substituted as a party); Stephen Howe, in his official capacity as the District Attorney for Johnson County, Kansas; and Derek Schmidt, in his official capacity as the Attorney General for the State of Kansas (collectively, the defendants). Hodes & Nauser sought an injunction against enforcement of the Act and the Permanent Regulations (collectively, the Regulatory Scheme). Along with their petition, Hodes & Nauser applied for a temporary injunction.

The next day, the Shawnee County District Court granted a temporary restraining order (TRO) that "restrained, enjoined and prohibited [the defendants] from enforcing the Permanent Regulations, K.A.R. § 28-34-126 [through] 144 (2011) until further order of this Court." In that order, the district court also scheduled a December 6, 2011 hearing on the application for a temporary injunction. But the district court later cancelled the December hearing because the parties agreed to extend the TRO. On December 2, 2011, the district court filed an order (the Agreed Order), stating:

3

"The parties have agreed and jointly stipulated that the Temporary Restraining Order entered on November 10, 2011, shall remain in effect pending the Court's issuance of a final judgment in this matter. During the pendency of these proceedings, defendants shall not seek to enforce either the statutory Act or the Permanent Regulations promulgated by the [KDHE].

"Therefore, upon this agreement and joint stipulation of the parties, the Court cancels the Temporary Injunction Hearing scheduled on December 6-7, 2011. The Court shall conduct a Status & Scheduling Conference beginning at 9:30 a.m. on December 6, 2011, or as soon thereafter as the matter may be heard."

On December 21, 2011, Hodes & Nauser filed a first amended petition, facially challenging the Regulatory Scheme as unconstitutional and unreasonable. They sought a permanent restraining order enjoining enforcement of the Regulatory Scheme, declaratory judgment that it was unconstitutional, and temporary injunctive relief until the entry of the permanent restraining order. After filing their answer, the defendants moved for judgment on the pleadings on all counts. Hodes & Nauser opposed the motion and the defendants replied, but in April 2012, the district court continued oral argument pending submission of the agency record.

On May 21, 2012, the defendants filed a certified copy of KDHE's administrative record relating to the Permanent Regulations. The agency record is over 2,000 pages. On June 8, 2012, the defendants filed a supplemental memorandum explaining the relevance of the agency record and Hodes & Nauser filed a supplemental memorandum opposing the outstanding motion for judgment on the pleadings.

According to the district court's register of actions, nothing substantive occurred between June 2012 and January 16, 2015, when the defendants filed a motion for partial summary judgment on three equal protection claims Hodes & Nauser had brought in their first amended petition. Hodes & Nauser opposed the motion, and the defendants replied. The district court heard argument on the motion on July 17, 2015. Although the record on

4

appeal has no written journal entry ruling on the motion for partial summary judgment, the district court's register of actions reflects that the court found that the motion was "too abstract—that consistent with prior ruling for judgment on the pleadings, Plaintiffs' claim too fact based to proceed at this point and no economy in doing so."

*The 2015 statutory amendments*

Meanwhile, during its 2015 session, the Kansas Legislature repealed K.S.A. 2014 Supp. 65-4a10 and enacted an amended version. See L. 2015, ch. 84, § 1. The initial version of K.S.A. 65-4a10, in effect from 2011 through June 10, 2015, stated:

"(a) No abortion shall be performed or induced by any person other than a physician licensed to practice medicine in the state of Kansas. When RU-486 (mifepristone) or any drug is used for the purpose of inducing an abortion, the drug must be administered by or in the same room and in the physical presence of the physician who prescribed, dispensed or otherwise provided the drug to the patient.

"(b) The physician inducing the abortion, or a person acting on behalf of the physician inducing the abortion, shall make all reasonable efforts to ensure that the patient returns 12 to 18 days after the administration or use of such drug for a subsequent examination so that the physician can confirm that the pregnancy has been terminated and assess the patient's medical condition. A brief description of the efforts made to comply with this subsection, including the date, time and identification by name of the person making such efforts, shall be included in the patient's medical record.

"(c) A violation of this section shall constitute unprofessional conduct under K.S.A. 65-2837, and amendments thereto." K.S.A. 2014 Supp. 65-4a10.

The amended version of K.S.A. 65-4a10, which took effect on June 11, 2015, stated:

"(a) No abortion shall be performed or induced by any person other than a physician licensed to practice medicine in the state of Kansas.

5

"(b)(1) *Except in the case of an abortion performed in a hospital through inducing labor*: (A) When RU-486 (mifepristone) is used for the purpose of inducing an abortion, the drug shall initially be administered by or in the same room and in the physical presence of the physician who prescribed, dispensed or otherwise provided the drug to the patient; and (B) when any other drug is used for the purpose of inducing an abortion, the drug or the prescription for such drug shall be given to the patient by or in the same room and in the physical presence of the physician who prescribed, dispensed or otherwise provided the drug or prescription to the patient.

"(2) *The provisions of this subsection shall not apply in the case of a medical emergency*.

"(c) The physician inducing the abortion, or a person acting on behalf of the physician inducing the abortion, shall make all reasonable efforts to ensure that the patient returns 12 to 18 days after the administration or use of such drug for a subsequent examination so that the physician can confirm that the pregnancy has been terminated and assess the patient's medical condition. A brief description of the efforts made to comply with this subsection, including the date, time and identification by name of the person making such efforts, shall be included in the patient's medical record.

"(d) A violation of this section shall constitute unprofessional conduct under K.S.A. 65-2837, and amendments thereto." (Emphases added.) K.S.A. 65-4a10.

The amended statute is substantially the same as the original in that when a drug is used for the purpose of inducing an abortion, the drug must be administered in the same room and in the physical presence of the physician who prescribed it. This is one of the provisions of the Act that Hodes & Nauser challenged as unconstitutional in their original petition and were seeking to enjoin enforcement of through the TRO and the Agreed Order. The 2015 amendments added exceptions to the in-person medication requirement for in-hospital, induced-labor abortions and for medical emergencies.

On December 8, 2015, Hodes & Nauser filed the operative second amended petition. As germane to this appeal, Hodes & Nauser's fourth claim for relief alleged that K.S.A. 65-4a10(b)(1) "as amended by 2015 Kan. Sess. Laws Ch. 84 (H.B. 2228), § 1(b)(1)" violated their patients' constitutional privacy rights "because it imposes

6

significant and medically unjustified burdens on the provision of mifepristone and other medications used to induce an abortion." Hodes & Nauser again sought declaratory judgment and a permanent injunction against enforcement of the Regulatory Scheme.

The defendants later contacted Hodes & Nauser and asked them to stipulate that the December 2011 Agreed Order and the related TRO, collectively, the 2011 Injunction, did not apply to K.S.A. 2015 Supp. 65-4a10(b)(1), but Hodes & Nauser declined to do so. Discovery continued and, in interrogatory responses made in April 2016, Hodes & Nauser conceded that they were "currently able to comply with K.S.A. 65-4a10(b)" but they asserted that "compliance in the long-term is not sustainable."

*The Kansas Telemedicine Act and related litigation*

In 2018, the Kansas Legislature passed the Kansas Telemedicine Act, K.S.A. 2018 Supp. 40-2,210 et seq., which governs "the delivery of healthcare services or consultations while the patient is at an originating site and the healthcare provider is at a distant site." K.S.A. 2020 Supp. 40-2,211(a)(5). The Kansas Telemedicine Act was set to become effective January 1, 2019. See K.S.A. 2020 Supp. 40-2,210(b). It stated that "[n]othing in the Kansas telemedicine act shall be construed to authorize the delivery of any abortion procedure via telemedicine." K.S.A. 2020 Supp. 40-2,215.

Abortion services provider Trust Women Foundation, Inc. (Trust Women) sued in Shawnee County District Court to challenge K.S.A. 2018 Supp. 40-2,215. The same district judge presided over Hodes & Nauser's case and the Trust Women case No. 2018-CV-844, *Trust Women Foundation, Inc. v. Schmidt* (*Trust Women I*). On December 31, 2018, the district court ruled on Trust Women's motion to temporarily enjoin Schmidt, in his capacity as attorney general, from enforcing K.S.A. 2018 Supp. 40-2,215. In its memorandum opinion, the district court reasoned that for K.S.A. 2018 Supp. 40-2,215 to have "a meaningful purpose," it "must be construed . . . in conjunction with other relevant

statutes that restrict the practice of medicine," such as K.S.A. 65-4a10, which "require[s] the prescribing physician be in the same room as the patient when the abortion drugs are administered, subject to exceptions for certain in-hospital induced abortions and other emergencies." The opinion continued:

> "As noted, the proceedings in [Hodes & Nauser's] case are still pending and still in the discovery phase. No party has moved to modify the *Agreed Order*. Hence, all provisions of the *Act*, particularly those remaining textually unchanged from the 2011 version, still stand as under challenge in that suit and are enjoined from enforcement as a matter of fact. The 2015 legislative amendment may have altered the focus of review, but did not moot the *Agreed Order*."

The district court ruled that the attorney general was a proper defendant in *Trust Women I*, at least until the Agreed Order in the Hodes & Nauser case is modified through a separate proceeding. The district court also ruled that

> "the challenged language of K.S.A. 65-4a10, notwithstanding the 2015 legislative amendment adding emergency exceptions to the requirement that the prescribing physician must be present in the room when the abortion inducing drugs are administered, nevertheless, remains intact. Hence, the *Agreed Order* has not been mooted in regard to that provision's enforcement as has been argued by the Attorney General."

Finally, the district court rejected the argument that the Agreed Order only enjoined enforcement against Hodes & Nauser, repeating that "unless and until the *Agreed Order* is modified in a properly noticed proceeding, the Plaintiff in this case is entitled to enjoy that umbrella of protection and safe harbor provided by the *Agreed Order*." Because the Agreed Order barred enforcement of K.S.A. 65-4a10, the district court reasoned that the statute challenged by Trust Women "has no anchor for operation." Thus, the district court found that Trust Women lacked standing and its claims were not

ripe for review, so the district court dismissed the case. The attorney general timely appealed and that appeal is now docketed in this court as case No. 120,755.

*The motion and order now being appealed*

Returning to this case, on January 31, 2019, the defendants filed a "Motion to Clarify and/or Dissolve Injunction Relating to K.S.A. 65-4a10." They acknowledged the order in *Trust Women I* and its interpretation of the Agreed Order, but they asserted that the 2015 amendments repealed and significantly amended K.S.A. 65-4a10, which rendered the Agreed Order and the 2011 Injunction moot, at least as to K.S.A. 65-4a10. The defendants also argued that the district court could not constitutionally issue an order in 2011 to enjoin laws not enacted until 2015, so the 2011 Injunction applied only to the 2011 versions of the statutes. The defendants argued that the district court lacked subject matter jurisdiction to consider any challenge to the repealed versions of the statute, so it should dismiss any claim that could be construed as a challenge to K.S.A. 2011 Supp. 65-4a10 and vacate any portion of the 2011 Injunction related to that statute.

The defendants also asserted that they "did not agree in 2011 that they would not enforce a statute enacted 3 1/2 years later with virtually no opposition." Moreover, because Hodes & Nauser admitted through discovery that they could and did comply with the current version of K.S.A. 65-4a10, the defendants contended that Hodes & Nauser lacked standing to challenge that law. Ultimately, the defendants sought "an Order clarifying that the Agreed Order only related to the Act challenged in 2011 and/or [an order] dissolving the portion of the injunction relating to K.S.A. 65-4a10."

Hodes & Nauser responded to the motion to clarify on February 27, 2019. They contended that the portion of K.S.A. 65-4a10 that they had challenged in 2011 "remain[ed] essentially identical" in the 2015 version and that the harm it caused them and their patients remained, so the 2015 amendment did not moot their challenge, deprive

9

them of standing, or provide a basis to modify the 2011 Injunction. Hodes & Nauser also stated: "Should this Court determine that the injunction against K.S.A. § 65-4a10 cannot continue without an evidentiary hearing, Plaintiffs request that the Court defer ruling on that modification of the injunction given pending motions in a separate case that could moot Defendants' request for relief here."

The separate case referred to was *Trust Women Foundation, Inc. v. Derek Schmidt*, No. 2019-CV-60 (*Trust Women II*), in which Trust Women sought injunctive relief against the in-person medication requirement of K.S.A. 65-4a10. Hodes & Nauser argued that consideration of that injunction would "require[] a determination as to whether K.S.A. 65-4a10 remains enjoined under the Agreed Order after the 2015 amendment, and whether 65-4a10 should be enjoined regardless of the scope of the Agreed Order." At the time, there was a motion in *Trust Women II* to consolidate that case with this one.

On April 12, 2019, the district court filed an order addressing the motion. The district court acknowledged its prior ruling on the related issue in *Trust Women I*, and the court stated that it "adheres to" its opinion in that case. The district court also noted that it had expressed before to the parties its belief that the issues surrounding K.S.A. 65-4a10 "should be addressed by live testimony, as well as any matters otherwise going to the maintenance of the agreed temporary injunction." Although the district court had asked the parties to attempt to draft an agreed pretrial hearing order and exchange witnesses and exhibits, the court observed through e-mail communications that the defendants were claiming that the only question needing resolution was whether Hodes & Nauser had standing to challenge the current version of K.S.A. 65-4a10. The district court characterized the defendants' motion as "essentially seeking to litigate a factual issue that conflicts with the breadth of the temporary injunction's text."

The district court then found that "[a]n inquiry into standing necessarily ventures into the relief to be accorded." The district court also found that the "[d]efendants' Motion

to Clarify/Dissolve the Injunction is actually at this point only one to modify or dissolve it in reference to its application to K.S.A. 65-4a10, as amended, which should encompass the whole of the issues concerning its application." The district court concluded:

> "Simply, the Court has no desire to permit a piecemeal approach to issues. The Court has no obligation at this point to address substantive factual and legal issues in the pleading form presented by the Defendants. This case at this juncture is simply not resolvable in rational fashion on 'he said—she said' evidence nor should the Court be compelled to articulate Plaintiffs' claims or medical practice parameters *ad hoc* via competing e-mails.
> "While the Court attempted to get the parties to reach agreement on the question of modification, they have not per an e-mailed joint letter dated April 10th. Accordingly, as the parties cannot agree on essentially a pre-hearing—witness/exhibit and issues—order, the Court will conduct a telephone conference on April 18th to determine one such that there will be no avoidance or delay to the resolution of the very precise issue at hand by way of Defendants' motion."

The defendants timely appealed the district court's April 2019 order, claiming jurisdiction for the appeal under K.S.A. 2020 Supp. 60-2102(a)(2).

## DOES THIS COURT HAVE JURISDICTION OVER THIS APPEAL?

As a threshold issue, Hodes & Nauser contend that this court lacks jurisdiction over this appeal. The defendants did not address this court's jurisdiction in their initial appellate brief, nor did they file a reply brief after Hodes & Nauser asserted a lack of appellate jurisdiction. But appellate jurisdiction was the subject of pre-briefing motion practice in this court.

In their notice of appeal, the defendants characterized the order they appealed from, hereinafter referred to as the 2019 Order, as "applying the Court's ruling in [*Trust Women I*] to this separate lawsuit, denying defendants' Motion to Clarify, and enjoining

11

K.S.A. 2015 Supp. 65-4a10." They purported to bring the appeal under K.S.A. 2020 Supp. 60-2102(a)(2), which allows for the immediate appeal of "[a]n order that grants, continues, modifies, refuses or dissolves an injunction." In their docketing statement, the defendants identified the anticipated issues as (1) whether the district court erred by finding that the Agreed Order enjoined enforcement of the current version of K.S.A. 65-4a10 and (2) whether Hodes & Nauser had standing to challenge K.S.A. 65-4a10.

On May 28, 2019, Hodes & Nauser filed a motion for involuntary dismissal of this appeal. They argued that K.S.A. 2020 Supp. 60-2102(a)(2) does not vest this court with jurisdiction because the 2019 Order did not grant, continue, modify, refuse, or dissolve any injunction. They also asserted that the district court did not decide the standing issue, so standing is not properly before this court for review.

The defendants responded to the motion to dismiss on June 11, 2019, arguing that K.S.A. 2020 Supp. 60-2102(a)(2) "allows an immediate appeal from virtually any order concerning injunctions." They contended that the statute applies because the 2019 Order either modified or continued an injunction. The defendants also contended that this court must address standing because it implicates subject matter jurisdiction.

In a minute order dated June 19, 2019, this court summarily denied the motion for involuntary dismissal without further explanation. But Hodes & Nauser raised jurisdiction again in their appellate brief, and, without an affirmative ruling from the motions panel that this court has jurisdiction under K.S.A. 2020 Supp. 60-2102 or another statutory provision, the issue is back before the court.

In their brief, Hodes & Nauser argue that the 2019 Order "did not *decide* anything," so appellate jurisdiction does not arise under K.S.A. 2020 Supp. 60-2102(a)(2). They contend that the 2019 Order instead "merely reiterated the terms of the Agreed Order," leaving the 2011 Injunction "unaltered and in full force and effect." They

contend that interpreting K.S.A. 2020 Supp. 60-2102(a)(2) to encompass the 2019 Order would allow the immediate appeal of "nearly any order in a case in which there is an injunction" and would undermine the general policy against piecemeal appeals.

As stated above, the defendants did not file a reply brief or otherwise address jurisdiction in their briefing. As a result, we will rely on the defendants' response to the motion for involuntary dismissal as incorporating the defendants' argument that this court has jurisdiction over the appeal.

"'Appellate jurisdiction is defined by statute; the right to appeal is neither a vested nor a constitutional right.'" *In re T.S.*, 308 Kan. 306, 309, 419 P.3d 1159 (2018). This court exercises unlimited review over whether jurisdiction exists and over questions of statutory interpretation. 308 Kan. at 309. Moreover, this court may address a jurisdiction argument even when made by an appellee, despite the general proscription against allowing appellees to raise arguments without a cross-appeal. See *Water Dist. No. 1 of Johnson County v. Prairie Center Dev.*, 304 Kan. 603, 609, 375 P.3d 304 (2016). And appellate courts "have a duty to question jurisdiction on their own initiative." *GFTLenexa, LLC v. City of Lenexa*, 310 Kan. 976, 980, 453 P.3d 304 (2019).

K.S.A. 2020 Supp. 60-2102(a)(2) states that "the appellate jurisdiction of the court of appeals may be invoked by appeal as a matter of right from: . . . An order that grants, continues, modifies, refuses or dissolves an injunction." The defendants argue that the 2019 Order either modified or continued the 2011 Injunction. Resolving the jurisdiction issue requires this court to determine:  (1) was the 2019 Order an order affecting an injunction; and (2) if so, did it grant, continue, modify, refuse, or dissolve that injunction?

13

*Did the 2019 Order affect an "injunction" within the scope of K.S.A. 2020 Supp. 60-2102(a)(2)?*

The most basic requirement to invoke K.S.A. 2020 Supp. 60-2101(a)(2) is that the order being appealed from must affect an "injunction." "Injunction is an order to do or refrain from doing a particular act. It may be the final judgment in an action, and it may also be allowed as a provisional remedy." K.S.A. 60-901. There are different kinds of injunctions, including TROs such as the district court issued in November 2011. As the name suggests, TROs are intended to be *temporary*. K.S.A. 2020 Supp. 60-903(b) mandates that a TRO "expires at the time after entry, not to exceed 14 days, that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension."

A court issues a TRO "to restrain a defendant for a very brief period, pending a hearing on the application for a temporary injunction." *State v. Alston*, 256 Kan. 571, 579, 887 P.2d 681 (1994). Although "'[t]emporary injunction' and 'restraining order' are often used synonymously," the better practice is to "limit[] the meaning of 'restraining order' to such order as is operative only until a hearing can be had upon an application for an injunction, and of 'temporary injunction' to an order operative usually until the final hearing of the case in which it is issued. [Citations omitted.]" *State ex rel. Bender v. Johnston*, 78 Kan. 615, 617, 97 P. 790 (1908).

Hodes & Nauser's original petition sought a TRO to enjoin the "[d]efendants from enforcing the Permanent Regulations until this Court rules on the request for a Temporary Injunction." And the TRO the district court issued did so, setting a hearing date for the application for a temporary injunction. But before that hearing occurred, the parties stipulated and agreed "that the Temporary Restraining Order . . . shall remain in effect pending the Court's issuance of a final judgment in this matter" and the district court issued the Agreed Order actualizing this agreement.

14

K.S.A. 2020 Supp. 60-903(b) allows parties to agree to extend a TRO. But here, the TRO has been in effect for over nine years and there was no hearing or decision on the application for a temporary injunction. This creates a jurisdictional problem in this appeal because the Kansas Supreme Court has explicitly held:

"K.S.A. 60-2102 provides for an appeal as of right as to injunctions and when provisional remedies are discharged, vacated or modified. K.S.A. 60-2102 does not provide for an appeal when a restraining order is granted. The legislature did not provide an appeal in such circumstances because restraining orders are usually in effect for only a brief period, usually less than the time required for an appeal prior to the hearing for the temporary injunction. At the hearing for the temporary injunction, the party restrained has a statutory right to appear and contest the application." *Unified School Dist. No. 503 v. McKinney*, 236 Kan. 224, 228, 689 P.2d 860 (1984).

Put another way, although K.S.A. 2020 Supp. 60-2102(a)(2) allows an appeal from orders involving "injunctions," the statute does not allow for an appeal from a TRO. So, does the parties' agreement to extend the duration of the TRO rather than ask the court to issue an agreed-upon temporary injunction divest this court of appellate jurisdiction over the present appeal? Although the better practice would be for more precise use of the legal terms of art "temporary restraining order" and "temporary injunction," the few Kansas cases that have addressed this question have held that "[w]e are . . . obliged to consider the order itself and its ultimate effect upon the party restrained, irrespective of the name by which [the restraint] may be designated." *City of Wichita v. Home Cab Co.*, 151 Kan. 679, 684, 101 P.2d 219 (1940).

When a TRO continues for more than a brief time, "'the restraining order may become, in effect, a temporary injunction.'" 151 Kan. at 684-85 (quoting *Bowman v. Hopper*, 125 Kan. 680, 682, 265 P. 743 [1928]). If that occurs, the restraining order is appealable under the statute allowing appeals from injunctive orders. See *Home Cab Co.*, 151 Kan. at 685. "[T]his court will examine the character and effect of the order,

15

regardless of the term by which it is designated, for the purpose of determining whether the order is tantamount to an injunction." *Miller v. Huffman*, 191 Kan. 570, 571, 382 P.2d 464 (1963).

Here, although the Agreed Order purported to extend the TRO by making the restraint articulated effective "pending the Court's issuance of a final judgment in this matter," the Agreed Order had the practical effect of creating a temporary injunction that has enjoined the actions restrained by the TRO for more than nine years. Thus, this court will treat the TRO and the Agreed Order, when read together, to constitute a temporary injunction. This brings the 2019 Order, which was related to that temporary injunction, at least potentially within the scope of K.S.A. 2020 Supp. 60-2102(a)(2).

The next question is whether the 2019 Order "grants, continues, modifies, refuses or dissolves" the 2011 Injunction so that it is immediately appealable under K.S.A. 2020 Supp. 60-2102(a)(2). As stated above, the defendants argue that the 2019 Order either (1) modified the 2011 Injunction by making it applicable to K.S.A. 65-4a10 as amended in 2015 or (2) continued the 2011 Injunction by leaving it in place.

*Did the 2019 Order modify the injunction?*

The defendants argue that "[i]f . . . the 2011 injunction did not—and could not— enjoin enforcement of statutory provisions passed years after its issuance, then the district court's [2019] Order necessarily modified the previous injunction." They contend the 2019 Order "*modified* the 2011 injunction by extending its reach to K.S.A. 2015 Supp. 65-4a10." The defendants assert that the 2011 Injunction was limited to the Regulatory Scheme as it existed at that time, so the 2019 Order modified the 2011 Injunction by finding that it enjoined enforcement of K.S.A. 65-4a10 as amended in 2015.

16

We begin our analysis of this issue by observing that the defendants' argument on appeal about the 2019 Order modifying the 2011 Injunction conflicts with the defendants' argument in district court. In a March 6, 2019 telephone conference, the district court informed the parties that it was "probably not interested in hearing a Motion to Modify the Injunction" without an evidentiary hearing. The defendants responded by emphasizing to the district court that they were not seeking to modify the 2011 Injunction. In a letter dated March 19, 2019, the defendants explained to the district court that "[n]o party has filed a Motion to Modify the injunction. Defendants have filed a Motion to Clarify the scope of the 2011 Agreed Order (or alternatively to dissolve the portion of the Agreed Order concerning K.S.A. 65-4a10 since defendants never agreed to an injunction of the 2015 statute)." Since the defendants informed the district court that they did not seek to modify the 2011 Injunction but only sought clarification, it seems disingenuous for the defendants to now invoke appellate jurisdiction by characterizing the 2019 Order as a modification of the 2011 Injunction.

Resolution of this issue requires us to focus on the meaning of the term "modify" within the context of K.S.A. 2020 Supp. 60-2102(a)(2). "Words and phrases shall be construed according to the context and the approved usage of the language, but technical words and phrases, and other words and phrases that have acquired a peculiar and appropriate meaning in law, shall be construed according to their peculiar and appropriate meanings." K.S.A. 77-201, *Second*. K.S.A. 2020 Supp. 60-2102(a)(2) does not provide a specialized definition of "modify," nor is there any indication that in the context of that statute, "modify" is a legal term of art.

"'When a statute does not define a term, the "words in a statute are assumed to bear their 'ordinary, contemporary, common meaning.'"' [Citation omitted.]" *McCullough v. Wilson*, 308 Kan. 1025, 1031, 426 P.3d 494 (2018). Black's Law Dictionary defines "modify" as "[t]o make somewhat different; to make small changes to (something) by way of improvement, suitability, or effectiveness" or "[t]o make more moderate or less

17

sweeping; to reduce in degree or extent; to limit, qualify, or moderate." Black's Law Dictionary 1203 (11th ed. 2019).

The TRO executed by the district court in November 2011 "restrained, enjoined and prohibited [the defendants] from enforcing the Permanent Regulations, K.A.R. § 28-34-126 [through] 144 (2011) until further order of this Court." Interestingly, the TRO referred only to the regulations and not the statutes. The Agreed Order filed the following month stated: "During the pendency of these proceedings, defendants shall not seek to enforce either the statutory Act or the Permanent Regulations promulgated by the [KDHE]." The statutory Act in question covered K.S.A. 65-4a01 through K.S.A. 65-4a12. The 2019 Order, on its face, did not change the language of the TRO or the Agreed Order, make it different, or otherwise alter it.

In sum, the 2019 Order did not change the scope or effect of the 2011 Injunction. At best, it merely clarified it. Under the common meaning of the word "modify," the 2019 Order did not modify the 2011 Injunction. Thus, the 2019 Order is not appealable under K.S.A. 2020 Supp. 60-2102(a)(2) as an order modifying an injunction.

*What does it mean to "continue" an injunction?*

Turning next to the defendants' contention that the 2019 Order continued the 2011 Injunction, we must determine the meaning of the word "continue" in the context of K.S.A. 2020 Supp. 60-2102(a)(2), which also permits appeals from orders that "continue" an injunction. Neither Kansas statutes nor Kansas appellate courts have explicitly defined what it means to "continue" an injunction.

In their motion for involuntary dismissal of this appeal, Hodes & Nauser asserted that to "continue" an injunction means to "'extend[] the duration of the injunction.'" Hodes & Nauser argue that in a legal context, to continue an order commonly means to

extend its duration beyond a previously established expiration date, which the district court's 2019 Order did not do because the Agreed Order expected that the 2011 Injunction would remain in effect "pending the Court's issuance of a final judgment."

As the defendants point out, nothing in K.S.A. 2020 Supp. 60-2102(a)(2) suggests that the word "continue" means only the extension of an injunction beyond its original expiration date. The defendants proffer an alternative definition of an order continuing an injunction as any order that results in "'a continuation of the injunctive decree' through denial of a motion or otherwise.'" The defendants quote *Keyes v. School Dist. No. 1, Denver, Colo.*, 895 F.2d 659, 663 (10th Cir. 1990), in which the Tenth Circuit held that an order denying a motion for declaratory judgment stating that a party had satisfied a final injunctive order constituted an order continuing the injunction.

We disagree with Hodes & Nauser's assertion that to "continue" an injunction is limited to extending the temporal life of an injunction. Instead, we agree with the defendants' broader interpretation that continuing an injunction includes an order denying a motion to dissolve an injunction. The question then becomes whether the district court's 2019 Order amounted to a denial of the defendants' motion to dissolve the 2011 Injunction as it related to the 2015 statutory amendments to K.S.A. 65-4a10.

*Did the 2019 Order continue the injunction?*

Because this question requires examining precisely what the district court ruled, we will examine the 2019 Order in detail. The district court began by acknowledging its prior ruling on the related issue in *Trust Women I*, and the court stated that it "adheres to" its opinion in that case. The district court noted that it had expressed before to the parties its belief that the issues surrounding K.S.A. 65-4a10 "should be addressed by live testimony, as well as any matters otherwise going to the maintenance of the agreed temporary injunction." The district court observed through e-mail communications that

19

the defendants were claiming that the only question needing resolution was whether Hodes & Nauser had standing to challenge the current version of K.S.A. 65-4a10. The district court characterized the defendants' motion as "essentially seeking to litigate a factual issue that conflicts with the breadth of the temporary injunction's text."

The district court then found that "[a]n inquiry into standing necessarily ventures into the relief to be accorded." The district court also found that the "Defendants' Motion to Clarify/Dissolve the Injunction is actually at this point only one to modify or dissolve it in reference to its application to K.S.A. 65-4a10, as amended, which should encompass the whole of the issues concerning its application."

The district court concluded the order by stating that "*the Court has no desire to permit a piecemeal approach to issues*." (Emphasis added.) The district court observed that the "case at this juncture is simply not resolvable in rational fashion" without hearing evidence. Further noting the parties' inability to agree on a list of witnesses, exhibits, and issues, the district court scheduled "a telephone conference on April 18th" to move forward on "the very precise issue at hand by way of Defendants' motion."

Hodes & Nauser argue that the 2019 Order "did not *decide* anything, and thus neither continued nor modified an injunction." They contend that it "simply interpreted the Agreed Order . . . and deferred any more substantive ruling until a hearing could be set on the matter." We agree with this characterization of the 2019 Order.

Although at one point in the order the district court found that it "adheres to" its prior opinion in *Trust Women I*, we do not interpret this statement as a final judgment denying the defendants' motion to dissolve the injunction relating to K.S.A. 65-4a10. Instead, the district court turned its attention to the standing issue and found that it would not decide standing without first holding an evidentiary hearing. The district court determined that it had "no desire to permit a piecemeal approach to [the] issues."

20

Certainly, if the district court ultimately agrees with the defendants that Hodes & Nauser lacks standing to challenge the 2015 amendments to K.S.A. 65-4a10, it follows that the district court will rule that the Agreed Order does not enjoin enforcement of the amended statutes at least as to Hodes & Nauser, which is the relief the defendants are requesting in their motion. To that end, the district court ordered a telephone conference to move forward on "the very precise issue at hand by way of Defendants' motion."

Clearly, the district court considered the standing issue raised by the defendants to be interrelated to the defendants' motion to modify or dissolve the injunction as it related to K.S.A. 65-4a10, and the court found that the resolution of these issues required an evidentiary hearing. The district court ended its order by scheduling a status conference to move the case along, and the court made no final ruling on the substance of the defendants' claims. Because the 2019 Order does not include an express ruling denying the defendants' motion to dissolve the injunction relating to K.S.A. 65-4a10, the order does not amount to a ruling continuing the injunction. As a result, the 2019 Order is not appealable under K.S.A. 2020 Supp. 60-2102(a)(2) as an order continuing an injunction.

CONCLUSION

To summarize our jurisdiction analysis, we find that the district court's original TRO, along with the Agreed Order, amounted to an "injunction" within the scope of K.S.A. 2020 Supp. 60-2102(a)(2). But we find that the 2019 Order did not modify the language of the 2011 Injunction; at best it clarified it. As to whether the 2019 Order continued the 2011 Injunction, we find that an order denying a motion to dissolve an injunction has the effect of continuing the injunction. But here, the district court did not deny the defendants' motion to dissolve the injunction relating to K.S.A. 65-4a10. Instead, the district court found that the motion raised fact-based issues that required an evidentiary hearing to resolve and set the matter for a telephone conference to move forward with the defendants' motion. Under these facts, the district court's 2019 Order

21

cannot be characterized as an order continuing the injunction. As a result, this court lacks jurisdiction over the defendants' appeal under K.S.A. 2020 Supp. 60-2102(a)(2).

Appeal dismissed.